Town of Somers, Appellant, v. Joseph M. Camargo et al., Respondents.

Argued March 1, 1955; decided June 2, 1955.

*Harry H. Chambers* and *Chester A. Slocum* for appellant. I. The burden is upon defendants to show conclusively and beyond all reasonable doubt that the enactments are unconstitutional. (*Shepard* v. *Village of Skaneateles,* 300 N. Y. 115; *Matter of Kings Co. Lighting Co.* v. *Maltbie,* 244 App. Div. 475; *Johnson* v. *City of New York,* 274 N. Y. 411.) II. Defendants have failed to assume their burden of showing unconstitutionality. (*Town of Ramapo* v. *Bockar,* 151 Misc. 613; *People* v. *Kesbec, Inc.,* 281 N. Y. 785; *People* v. *Wolfe,* 272 N. Y. 608; *Matter of Boardwalk & Seashore Corp.* v. *Murdock,* 286 N. Y. 494; *Marcus* v. *Village of Mamaroneck,* 283 N. Y. 325; *Matter of S. B. Garage Corp.* v. *Murdock,* 185 Misc. 55; *Matter of Chandler* v. *Corbett,* 274 App. Div. 1073; *Burroughs Landscape Constr. Co.* v. *Town of Oyster Bay,* 186 Misc. 930; *People ex rel. Ventres* v. *Walsh,* 121 Misc. 494; *Matter of Monument Garage Corp.* v. *Levy,* 266 N. Y. 339.) III. Regardless of the existence of vested rights, subdivision U merely provides for the reasonable regulation of a commercial operation of a type which, otherwise, could permanently and adversely affect the health, safety and general welfare of the community. (*Matter of Fox Meadow Estates* v. *Culley,* 233 App. Div. 250, 261 N. Y. 506; *Krantz* v. *Town of Amherst,* 192 Misc. 912; *Matter of Concordia Collegiate Inst.* v. *Miller,* 301 N. Y. 189; *Matter of Epstein* v. *Weisser,* 278 App. Div. 668; *Prentice* v. *Weston,* 111 N. Y. 460; *Matter of Green Point Sav. Bank* v. *Board of Zoning Appeals,* 281 N. Y. 534; *City of Rochester* v. *Simpson,* 134 N. Y. 414; *People* v. *Sessano,* 176 Misc. 723; *Burroughs Landscape Constr. Co.* v. *Town of Oyster Bay,* 186 Misc. 930; *Matter of Bayley* v. *Adams,* 278 App. Div. 962.) IV. The court possesses inherent power to grant a motion on the ground of newly discovered evidence where the ends of justice require it, even though a technical compliance with the rule of exercise of ordinary diligence is not shown. This is particularly true where there is involved the enforcement of an ordinance enacted to promote the health, safety and general welfare of the community.

*Arthur F. Gaynor* and *Frederick P. Close* for respondents. I. The zoning ordinance by its very terms abrogates defendants' strict legal right to the continuance of their nonconforming use and deprives them of their vested rights. (*Matter of 440 East 102nd St. Corp.* v. *Murdock,* 285 N. Y. 298; *Matter of Gscheidle* v. *Murdock,* 280 App. Div. 74; *People* v. *Miller,* 304 N. Y. 105; *Dowsey* v. *Village of Kensington,* 257 N. Y. 221; *Vernon Park Realty* v. *City of Mount Vernon,* 307 N. Y. 493.) II. In view of the position and theory adopted by the parties on the trial of the action which formed the predicate of the court's decision, there was no failure on the part of defendants to prove the existence of legally vested rights. (*Huston* v. *County of Chenango,* 253 App. Div. 56; *People* v. *Kesbec, Inc.,* 281 N. Y. 785; *People* v. *Wolfe,* 272 N. Y. 608; *Boardwalk & Seashore Corp.* v. *Murdock,* 286 N. Y. 494; *Marcus* v. *Village of Mamaroneck,* 283 N. Y. 325; *Matter of S. B. Garage Corp.* v. *Murdock,* 185 Misc. 55; *Matter of McCory* v. *Langdon,* 269 App. Div. 701; *People* v. *Calvar Corp.,* 286 N. Y. 419; *Village of Terrace Park* v. *Errett,* 12 F. 2d 240; *Hadacheck* v. *Los Angeles,* 239 U. S. 394; *De Felice* v. *Zoning Bd. of Appeals of Town of East Haven,* 130 Conn. 156.) III. Plaintiff's motion for a new trial on the ground of newly discovered evidence was properly denied by the Trial Justice and the Appellate Division's affirmance thereof is not reviewable by this court. (*Collins* v. *Central Trust Co. of Rochester, N. Y.,* 229 App. Div. 363; *Stoddard* v. *Stoddard,* 264 App. Div. 980; *Lawrence* v. *Ely,* 38 N. Y. 42.)

CONWAY, Ch. J. The plaintiff Town of Somers seeks an injunction preventing the defendants from continuing their sand and gravel business unless they comply with the provisions of the zoning ordinance. The defendants seek to have the zoning ordinance declared unconstitutional insofar as it applies to them.

The property herein involved consists of two tracts of land because they are separated by a road running in a north-south direction. The westerly parcel consists of 27 acres: the easterly one of 28 acres. The individual defendant acquired title to those lands by deeds recorded in the months of July and August, 1943. In 1944 substantial improvements were made on the westerly parcel for the handling of sand and gravel. Special

Term found that both the easterly and westerly parcels were used and continued to be used for the removal of sand and gravel as a business since a time prior to 1945 and those findings have been affirmed. Together they presently reflect an investment by defendants of substantial value in lands, plant and structures. In 1945, the Town of Somers adopted a zoning ordinance placing the property here involved in a residential zone and article II (§ 5, subd. B) of that ordinance provided for the continuance of nonconforming uses and structures as follows:

" *B. Continuing Non-Conforming Uses or Structures.*

" Any building, structure or actual bona fide use, involving a substantial monetary investment, which shall exist at the time of the enactment of this ordinance may be continued, even though such building, structure or use shall not conform with the provisions of this ordinance for the district in which it is located, provided such existing building, structure or use shall have been constructed, altered or used in conformity with law and which shall be in conformity with other existing law. No change of use, however, shall be made in any building or land or part thereof unless such changed use shall be in conformity with the provisions of this ordinance."

In 1952 and 1953 the zoning ordinance was amended and subdivision U of section 10 of article II was added, and in addition, article II (§ 5, subd. B) was amended so that the protection afforded to nonconforming uses no longer applied to any " Natural Products Uses " set forth in article II (§ 10, subd. U).

The residents who testified were six in number. Two, husband and wife, became residents five years after the adoption of the zoning ordinance of 1945 and live approximately 700 feet from the subject property; two, husband and wife, became residents four years after the adoption of the zoning ordinance of 1945 and they are in sight of the subject premises with a " bird's eye view " of it; one became a resident six years after the enactment of the 1945 zoning ordinance and resides approximately 600 feet from the Camarco property. The remaining resident of the six who testified has resided one mile south of the Camarco property since 1940.

The courts, in order to afford stability to property owners who do have existing nonconforming uses, have imposed the test

of reasonableness upon such exercise of the police powers. Therefore broad general rules and tests, such as expressed in *People* v. *Miller* (304 N. Y. 105), must always be considered in this context. In addition, the extent of the reasonable exercise of the police powers varies directly with the degree of the density of the population in the city, town or village involved. An ordinance which might be considered as reasonable if enacted in New York City, could be considered as unreasonable if enacted in a smaller political subdivision (see *Tenement House Dept.* v. *Moeschen,* 179 N. Y. 325, 335). A definition of reasonableness can not be made for all occasions, and must, of necessity, be considered anew in the light of each problem presented.

Under the facts and circumstances revealed by the record in this action, subdivision B of section 5 and subdivision U of section 10 of the zoning ordinance are unconstitutional insofar as they apply to the defendants. The over-all effect of the changes in subdivision B. of section 5 and the introduction of and changes in subdivision U of section 10 of the ordinance in the years 1952 and 1953, is to unreasonably deprive the defendants of a " vested " right and to relegate them to the position of seeking permission to do that which they had a legal right to do. Generally, nonconforming uses and structures are constitutionally protected and permitted to continue, notwithstanding the attempted contrary provisions of a new or amended zoning ordinance, unless the resulting loss to the owner is relatively slight and insubstantial (*People* v. *Miller,* 304 N. Y. 105, *supra*). We do not pass upon the question of what may be a proper exercise of the town's police powers so as to prevent the creation or maintenance of a nuisance on the premises of the defendants, or to otherwise lawfully regulate the defendants' business.

The judgment should be affirmed, with costs.

Fuld, J. (dissenting). While the effect of the court's decision will not, of course, toll the death knell of zoning, it certainly ushers in a sad day for sound, wise and adequate municipal planning.

The record does not disclose the exact dimension of defendants' gravel pit on either the west or the east side of the road, but each one would seem to have comprised but a small portion

of the total acreage.[1] The mere intention to excavate the remainder of the land did not amount to an existing use so as to entitle defendants to a nonconforming use encompassing and protecting their entire tract of 55 acres. (See, e.g., *Burlington* v. *Dunn,* 318 Mass. 216, 223–224; cf. *Matter of Cordes* v. *Moore,* 308 N. Y. 761; *Chayt* v. *Zoning Appeals Bd.,* 177 Md. 426.) To permit them to extend and enlarge the comparatively small area, in which they have already extracted gravel, to the whole tract would radically alter the residential character of the neighborhood and afford defendants a benefit far beyond that constitutionally required for the protection of their vested rights.

If the law were otherwise, if a single excavation in a given area of a large parcel of land were to create vested rights in the entire tract, a special privilege would be conferred upon sand and gravel operators, which is not recognized even in the case of substantial buildings and structures. Indeed, if the rationale of the court's decision were sound, a dog kennel run, a mink farm or a piggery, existing on one acre of ground at the time of the passage of a zoning law prohibiting such use, could be extended without limit over the owner's entire tract, no matter how large its acreage. Yet such an expansion of a nonconforming use would, I venture, never be sanctioned, any more than would be the extension or an enlargement of a nonconforming building which might have involved an original investment of hundreds of thousands of dollars. (Cf., e.g., *Thayer* v. *Board of Appeals,* 114 Conn. 15, 24; *De Vito* v. *Pearsall,* 115 N. J. L. 323, 325.) Sand and gravel pits should not be accorded a different, and preferred, treatment; as with other properties, the existing uses should be preserved, not extended. (See *Matter of Cordes* v. *Moore, supra,* 308 N. Y. 761; *Chayt* v. *Zoning Appeals Bd., supra,* 117 Md. 426.)

So much of the zoning ordinance as regulates the method of excavation and limits the area of such excavation to five acres

---

1. I have a serious doubt whether defendants met the burden, imposed upon them (see *Shepard* v. *Village of Skaneateles,* 300 N. Y. 115, 118), of proving a prior nonconforming use as to the parcel on the east side of the road. It is my conclusion that there is no substantial proof in the record before us of any use prior to the enactment of the zoning ordinance here in question, but, in the view taken by the majority, little is to be gained by debating this issue and, accordingly, I refrain from discussing it further.

is a reasonable exercise of the town's powers under section 130 of the Town Law and violates no constitutional provision. I am, however, inclined to agree — and, in view of the court's conclusion, it is not necessary to do more than state — that the provisions of the ordinance requiring the removal of all structures at the end of each licensed period are unconstitutional insofar as defendants are concerned since it deprives them of their nonconforming use entirely.

Accordingly, I would modify the judgment of the Appellate Division by striking therefrom so much of it as declares unconstitutional that portion of the zoning ordinance which restricts the extent and method of excavation.

FROESSEL, VAN VOORHIS and BURKE, JJ., concur with CONWAY, Ch. J.; FULD, J., dissents in an opinion in which DESMOND and DYE, JJ., concur.

Judgment affirmed.