In the Matter of MURRAY SMITH, Petitioner, against CARLTON HARTMAN, as Building Code and Zoning Law Enforcement Officer of Geneva, and as City Planning Engineer, et al., Respondents.

Supreme Court, Special Term, Ontario County, August 26, 1955.

*Thomas J. Cleere* and *Joseph G. Caito* for petitioner.

*Frederick M. Toole* for respondents.

JAMES C. O'BRIEN, J. Petitioner is a barber by trade and for some years past carried on his occupation in a frame building located in the city of Geneva on the west side of Copeland Avenue at its intersection with Hamilton Street (No. 342 Hamilton St.). Until the common council enacted a new zoning law on December 31, 1953, petitioner was allowed to operate his barbershop at that location although the area was zoned for residential use. So far as it appears petitioner never owned, and does not now own, any land on the west side of Copeland Avenue. However, he does own a home diagonally across the street from the barbershop building and located on the east side of Copeland Avenue, with a house on the front part of the lot and adequate room, so he contends, at the rear of his home, on the same lot, for a relocation thereon of the frame barbershop building. The public authorities of Geneva, as will be explained hereinafter, have declined to permit him to move the barbershop building across the street onto his residence plat and it is to review this denial that petitioner instituted this proceeding.

Petitioner bases his claim for relief upon two grounds: First, that the ordinance is unconstitutional and for other reasons invalid; Second, that by reason of various circum-

stances, namely, petitioner's hardship in that he cannot find another location for his barbershop, the fact that, so he claims, he is being discriminated against in favor of many commercial establishments equally objectionable, which are within eye-view of his home on the east side of Copeland Avenue, and finally, the fact that a great many of the property owners on this street (85%, so it is said) have consented in writing to the relocation of the present shop, the denial of his request to move was arbitrary.

We shall deal with these two problems in inverse order. The second ground of his application is that the board of appeals improperly exercised its discretion in denying his application for a variance. The courts have stated the facts which must be established in order to justify the favorable exercise of discretion by a board of appeals under circumstances like these (*Matter of Otto* v. *Steinhilber*, 282 N. Y. 71). The petitioner has not made such proof at the hearing before the board. He does not now in his papers allege facts which, if accepted as true, would warrant the granting of a variance. Accordingly, to the extent that the application seeks to annul the determination of the board of appeals, it must be denied.

Petitioner alleges other facts which, so he claims, demonstrate that he has been unjustly treated and that he should have legal redress. One of these is his claim that respondent Hartman, who is the planning engineer and superintendent of building zoning in Geneva, misled him. Apparently the facts, as taken from the papers of the petitioner, are these: After the City of Geneva had adopted the 1953 ordinance which changed the use of the west side of Copeland Avenue, at the point where petitioner's barbershop had been located, there was a sale of the land where the shop stood and petitioner was obliged to seek a new location. Having in mind moving the barbershop across the street to the rear of his residence at Street No. 53 Copeland Avenue, he consulted respondent Hartman. Hartman assisted the petitioner in making out an application. A sketch was made which showed the size of the residence plat, the location of the existing residence of petitioner and the proposed relocation of the barbershop in the rear thereof. Hartman issued no permit because he could not overrule or make an exception to the zoning ordinance. Hartman advised petitioner that since before he could relocate the building on the east side of Copeland Avenue he must remove it from the west side, it was necessary to ask permission of the planning board, which he did on June 6, 1955.

After a hearing the planning board rejected his application on the ground that under certain sections of the zoning ordinance (it does not appear whether the 1930, i.e. the old pre-existing ordinance or the new 1953 ordinance) two buildings were not allowed to be built on one lot and if two buildings were located on one lot, neither one could be used for a commercial purpose. (See minutes of meeting of board of appeals on June 20, 1955, at which the action of the planning board is noted and the basis for the same.) Petitioner now complains that respondent Hartman should have informed him of this prohibition against two buildings on one lot before petitioner appeared before the planning board. Assuming, without conceding, that Mr. Hartman momentarily overlooked these provisions of the zoning ordinance, or, assuming, as petitioner's attorney argues, that Hartman was ignorant of their existence, this would not afford a basis for a favorable ruling upon petitioner's present application.

After the planning board had rejected petitioner's application he followed the suggestion of the planning board and submitted the matter to the board of appeals. This obviously was an application to the board of appeals for a favor, that is the exercise of discretion on their part to vary the terms of the zoning ordinance to permit the relocation which petitioner sought. In this case it is noted that in his written application for the building permit the petitioner states that he desires to move the present barbershop from 342 Hamilton Street " to this location as present site has been purchased, which makes this move imperative if my business is to be conducted, and I have been unable to find a suitable location elsewhere." The planning board adjourned the matter from the 6th day of June to the 20th day of June, 1955, and suggested to the petitioner that in the meantime he secure written consents of his neighbors on Copeland Avenue. When the adjourned hearing was held on June 20th, petitioner was represented by a competent attorney who represents him also on this application. This attorney had a background of considerable experience with zoning law and ordinances and everything related to them and especially the zoning ordinances of the City of Geneva. At the hearing this attorney explained to the board of appeals the basis of petitioner's application and filed the requested petition, containing the consents of neighbors. The petitioner's attorney, among other things also stated that he believed the 1953 ordinance to be illegal and unconstitutional insofar as it affects petitioner's barbershop. However, he also appealed to

the discretion of the board, claiming that it would be reasonable and appropriate that Smith be permitted to conduct his barbershop at the new location requested. Naturally the board lacked the power to rule upon the validity of the ordinance. Their power was limited to deciding whether or not, under a concededly valid ordinance, the applicant should be permitted special favorable treatment for good cause shown (General City Law, § 81). The board of appeals rejected the application, two members voting in favor, two opposed and one abstaining.

Petitioner on this hearing asks that we determine the 1953 zoning ordinance to be invalid. He argues that in such case petitioner would be entitled of right to a building permit which would authorize the relocation of his barbershop. According to petitioner's papers the invalidity of the 1953 ordinance is based upon the lack of adequate public hearing, as required by section 83 of the General City Law. That section permits the common council of a city "after public notice and hearing, which hearing may be held by the council or by a committee of the council or by the planning board, [to] amend, supplement, repeal or change the regulations and districts established". Petitioner alleges that after a public hearing had been had with respect to the ordinance, as originally proposed and submitted for first reading to the common council, alderman Moses offered an amendment. It is claimed that subsequently and without any additional public hearing, the ordinance as so amended was adopted. It is contended by the petitioner, very persuasively, that this amendment was substantial and of such import that a new public hearing was required in order to comply with the provisions of section 83 of the General City Law. Petitioner contends that by reason of this alleged defect the ordinance is invalid. Where substantial changes or amendments are made by a legislative body, subsequent to a public hearing and without there being any new public hearing, the ordinance is invalid. (*Village of Mill Neck* v. *Nolan,* 233 App. Div. 248, affd. 259 N. Y. 596; *Brachfeld* v. *Sforza,* 114 N. Y. S. 2d 722.) Whether or not such error would invalidate the ordinance or the amendment depends on whether or not the change was substantial. (*Matter of Hall* v. *Leonard,* 260 App. Div. 591.)

We now consider the effect on petitioner and his application of the amendment of which he complains. The amendment offered by alderman Moses in substance added a new section, namely 35, to the ordinance. This section designated a "highway users use" district and enumerated the uses there permitted (which excluded barbershops) and transferred into that

district the premises on the south side of Hamilton Street, beginning at its intersection with Copeland Avenue, and thus including in the rezoned territory the location at which petitioner for so many years had maintained his barbershop. It will be remembered the petitioner does not now ask that he be permitted to retain his barbershop on its original location. He asks that he be permitted to move it to the rear of his residence and accordingly this amendment to which petitioner calls our attention does not, so far as we can see from the papers submitted, directly affect petitioner's residence property. Accordingly to hold the amendment void would not help petitioner's project nor authorize the issuance of a permit.

In his papers petitioner also urges that under the 1930 ordinance as amended (this being the ordinance which immediately preceded the 1953 zoning ordinance complained of) petitioner had a right in a residence use district to maintain a barbershop as a "nonconforming use". The use by petitioner of the phrase "nonconforming" seems an implied concession that the barbershop was not there as of right. However that may be, the respondents' papers allege that there was no right under the 1930 zoning ordinance to maintain a barbershop in a residential district except only "provided such * * * barbershop &deg; &deg; &deg; are a part of the dwelling house and provided the general aspect of the building is not changed from that of a residence." Petitioner's structure concededly does not comply with this basic requirement. In his brief petitioner's counsel does not deny this limitation but counters by urging that he did in fact conduct a barbershop within such a district for years on the west side of Copeland Avenue, in a residential district, and should be permitted to remove it to the east side of Copeland Avenue as he now desires. Whatever lawful right petitioner had to the use of his barbershop in a residential use district on the west side of Copeland Avenue, which pre-existed the enactment of the 1953 ordinance, was a vested right. (*Matter of 440 East 102nd St. Corp.* v. *Murdock*, 285 N. Y. 298; *Town of Somers* v. *Camarco*, 308 N. Y. 537; *People* v. *Miller*, 304 N. Y. 105.) However, this right, if it was a nonconforming right, so far as now appears, was restricted to the location on the west side of Copeland Avenue. The right to such nonconforming use at that location would give the petitioner no right, whatever, to move the barbershop to a different location and thus engage at the new location in nonconforming use which there would be clearly unlawful.

While we have no power to review the acts of legislative bodies (see *Matter of Neddo* v. *Schrade,* 270 N. Y. 97; *Matter of Buckley* v. *Fasbender,* 275 App. Div. 853, and *Matter of Frontuto* v. *Board of Trustees of Vil. of East Rochester,* 276 App. Div. 1055), nevertheless in an action for a declaratory judgment or in a mandamus proceeding, the validity of an ordinance can be directly attacked and its validity can be passed upon by the courts. (*Arverne Bay Constr. Co.* v. *Thatcher,* 278 N. Y. 222; *Dowsey* v. *Village of Kensington,* 257 N. Y. 221; *Baddour* v. *City of Long Beach,* 279 N. Y. 167.)

In such case a property owner who objects to any restrictive provision of a zoning ordinance is not required to apply to the local board of appeals for a variance but may ask, not as a favor, but as a matter of right, for a building permit and upon its denial makes direct application to the court for relief, provided the restrictive ordinance constitutes the only bar to the issuance of the permit desired. (*Matter of 440 East 102nd St. Corp.* v. *Murdock,* 285 N. Y. 298, *supra; Town of Somers* v. *Camarco,* 308 N. Y. 537, *supra; People* v. *Miller,* 304 N. Y. 105, *supra.*) Here the petitioner took a different course. Upon the refusal of the administrative officer to grant a permit, he, the petitioner, had recourse to the board of appeals. This necessarily assumes the validity of the ordinance. (*Arverne Bay Constr. Co.* v. *Thatcher,* 278 N. Y. 222, *supra.*) The gravamen of his present proceeding is to review and annul the refusal of the board of appeals to reverse the building inspector. In such proceeding the ordinance cannot be declared invalid. This is more than a technical procedural obstacle. A successful attack upon the validity of the ordinance destroys the foundation for any discretion on the part of the board of appeals and their exercise of discretion is the principal subject upon which a review by this court is now asked. (*Matter of Romig* v. *Weld,* 276 App. Div. 514.) In the *Romig* case the petitioner sought to operate a grill or tavern in a commercial use district in the town of Greece. He was refused a permit and applied to the board of appeals. The board of appeals denied his application. He brought on in Special Term a proceeding by order to show cause, in which he asked two things (1) to annul the determination of the board of appeals and (2) to have the ordinance declared unconstitutional (see 194 Misc. 783, op. by VAN VOORHIS, J.). Special Term held the ordinance valid and not unconstitutional and denied his application. It is noted that Special Term did precisely what petitioner seeks here, that is in a certiorari proceeding, the gravamen of which was to review

the determination of the local board of appeals, it passed upon the validity of an ordinance under which the board of appeals had been asked to grant an exception. The Appellate Division reversed this part of the Special Term order, stating at pages 516–517: "The petitioner makes a direct frontal attack upon the validity of the ordinance and clearly asks that it be declared unconstitutional upon his motion to do so. We feel that he cannot in this proceeding seek to declare invalid and unconstitutional the ordinance under which he sought relief. We think his remedy, if any, is by a proceeding under article 78 of the Civil Practice Act in the nature of mandmaus or by an action for a declaratory judgment. (*Dowsey* v. *Kensington,* 257 N. Y. 221; *Arverne Bay Constr. Co.* v. *Thatcher,* 278 N. Y. 222; 10 Carmody on New York Practice, pp. 355–356.)"

For the foregoing reasons we feel constrained to deny the application, without costs and without prejudice to an application by the petitioner upon new papers for an order in the nature of mandamus or to the commencement of an action for a declaratory judgment.