15 N.Y.2d 788 (1965)
In the Matter of Bobandal Realties, Inc., Appellant,
v.
Carroll M. Worthington, as Building Inspector of the Town of Greenburgh, Respondent.
Court of Appeals of the State of New York.
Argued November 18, 1964.
Decided February 4, 1965.
Arden H. Rathkopf for appellant.
Paul H. Perreten, Town Attorney, for respondent.
Concur: Chief Judge DESMOND and Judges DYE, FULD, BURKE, SCILEPPI and BERGAN. Judge VAN VOORHIS dissents in the following opinion.
Order affirmed, with costs.
*790 VAN VOORHIS, J. (dissenting).
The decision goes beyond any case previously decided in this court in the direction of expropriating nonconforming pre-existing uses in zoning cases. Appellant has been held to have a vested, prior nonconforming use (Town of Greenburgh v. Bobandal Realties, 10 N Y 2d 414) which amounts to a constitutional right (Town of Somers v. Camarco, 308 N.Y. 537). The property is known as "Fort Hill Country Club" and consists of a group of buildings and other structures used as an entire unit. The fire which destroyed the restaurant and bar on December 14, 1962 was not incendiary. This building was not destroyed through the fault or by the act of appellant. Is appellant to be prevented from using its country club premises, which cannot be operated without a restaurant and bar, and thereby be deprived of its vested right due to the accident of fire? Or is it to be obliged to go on its knees to the Zoning Board of Appeals of a town which has already demonstrated that it is prepared to utilize every instrument at its disposal to destroy this property right, in order to obtain by grace or favor that to which it is entitled absolutely under the law? If appellant's right to continue its country club in this location, which it built and developed at large expense before being countermanded by any Zoning Ordinance, depends upon running the gamut of what is called the prior administrative remedy before the Board of Appeals, it will be obliged to show not only that upon rebuilding or restoration there be compliance with the height, yard, area and other requirements of the subsequently adopted Zoning Ordinance, to which it was not subject before the fire, but also that "there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter" of the ordinance (§ 8, subd. E; § 11, subd. B). In other words, regardless of how little or how much damage has been caused by the fire, the owner cannot restore the building without showing practical difficulties or unnecessary hardships. This is not a reasonable restriction on the restoration of nonconforming buildings after fires. As was said in Town of Somers v. Camarco (p. 541), and in many other cases, under such circumstances an application to the Zoning Board is not necessary "to relegate them to the position of seeking permission to do what they had a legal right to do." Appellant apparently is not objecting to conforming to the height, yard, area and other nonuse requirements of the new Zoning Ordinance.
*791 The order of the Appellate Division should be reversed and the order of Special Term reinstated for the reasons stated at Special Term and by me in Incorporated Vil. of North Hornell v. Rauber (181 Misc. 546).
Order affirmed.