■ In the Matter of FRANK M. POCZATEK et al., Appellants, v. ZONING BOARD OF APPEALS OF THE TOWN OF HUNTINGTON et al., Respondents.— In a proceeding under CPLR article 78 by property owners in the Town of Huntington to review and annul a determination of respondent Zoning Board of Appeals, permitting the respondent corporation to use certain premises for the outdoor storage of building cranes and to construct a building on the land for use in conjunction therewith, petitioners appeal from a judgment of the Supreme Court, Suffolk County, entered May 17, 1965, which dismissed their petition on the merits. Judgment reversed on the law, without costs, and matter remitted to the Special Term for further proceedings in accordance with the memorandum herewith. The questions of fact have not been considered. When the application of the respondent corporation was granted, the premises were in a district wherein there was no restriction on outdoor storage, and uses such as lumber yards, where most of the storage is outdoors, were among the permitted uses. After hearings were held the respondent Zoning Board, acting under the discretion conferred upon it by the zoning ordinance to authorize, under certain conditions, any use similar to those specified therein, granted the application. Petitioners promptly initiated this proceeding. About eight months later, on January 26, 1965, the subject premises were reclassified into a district wherein outdoor storage is restricted, and uses which require it are *not* among the expressly permitted uses. Therein, warehousing and distributing are authorized, provided there is no outdoor storage of materials, and lumber yards are not listed among the permitted uses. In our opinion, there is sufficient in the record to support the determination of the Zoning Board, when it was made. However, unless respondent corporation acquired vested rights by virtue of its acts in reliance thereon, the present zoning of the subject

property is controlling (*Matter of Town Bd. of Town of Huntington* v. *Plonski*, 13 A D 2d 704, affd. 10 N Y 2d 1035; *Matter of Gordon* v. *Plonski*, 9 N Y 2d 886; *Matter of Paliotto* v. *Dickerson*, 22 A D 2d 929). At Special Term, respondent corporation asserted, *inter alia*, that between the date when its application was granted by respondent Zoning Board and the date when the property was reclassified, it made certain expenditures, assumed certain obligations and performed other acts, all of which gave it a vested right to continue the use. An issue of fact was thus presented as to whether in good faith, and in reliance upon the determination of the Zoning Board granting it permission for the stated use, respondent corporation had made expenditures or assumed obligations which are so substantial that it would be subjected to considerable financial loss if compelled to terminate such use (see *Matter of Harbison* v. *City of Buffalo*, 4 N Y 2d 553; *Town of Somers* v. *Camarco*, 308 N. Y. 537; *People* v. *Miller*, 304 N. Y. 105; *Matter of Downey* v. *Incorporated Vil. of Ardsley*, 3 A D 2d 663; 2 Rathkopf, Law of Zoning and Planning [3d ed.], pp. 57-6, 57-7). The Special Term determined the proceeding on the papers and exhibits submitted. In our opinion, the record is inadequate for the purpose, and a hearing is necessary properly to resolve the factual issue as to said vesting or nonvesting of rights. Christ, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.