William B. G-eiler, J.
Plaintiffs, Long Island Beach Buggy Association (hereinafter referred to as Libba), and Lemp, have commenced separate actions to have the “ Beach Buggy Ordinance ” of the Town of Islip declared invalid. In addition, plaintiff Lemp .also requests that the “Beach Buggy Ordinances ” of the Villages of Ocean Beach and Saltaire be declared unconstitutional.
Lemp is a resident of the Town of Islip and is the owner of real property not only on the mainland but also on Fire Island within the Town of Islip. He is engaged in the general contracting business on the mainland as well as in a number of communities on Fire Island within the Town of Islip. Lemp uses a motor vehicle and has had occasion to traverse the beach route and inland route (commonly known as the “Burma Boad ”) in connection with his general contracting business. He maintains that the subject “ Vehicular Ordinances ” which restrict his use of the beach and inland routes are unconstitutional and should be declared invalid.
Libba is composed of persons who are not residents of the Town of Islip but who desire to travel by vehicle over the beach and inland route on Fire Island within the Town of Islip. These persons are prohibited from so doing by the provisions of the Islip Town ordinance.
Libba contends that the Islip Town ordinance discriminates against their organization and therefore is in violation of their constitutional rights under the Fourteenth Amendment of the United States Constitution.
*296 Both actions were tried before this court simultaneously. The court, for the purpose of clarity, will deal with the arguments commonly advanced against all of the subject ordinances by the plaintiffs individually and collectively.
These arguments are basically as follows:
1. An easement by prescription has been created by people using the inland and beach route and such vested interests cannot be regulated or destroyed.
2. The public has acquired an absolute right to the use of vehicles on the beach and inland routes.
In effect, plaintiffs, and particularly Lemp, are seeking to establish an absolute right to the use of all of the beach area and the area north of the dunes on Fire Island by virtue of a theory of easement by prescription.
What must the plaintiffs show in order to establish an easement by prescription? They must demonstrate that the use claimed is adverse, continuous, hostile, uninterrupted and exclusive (Kratter v. Becker, 218 N. Y. S. 2d 277).
Was an easement by prescription established with reference to the inland route?
The evidence introduced by plaintiffs, themselves, indicates that there was no adverse or hostile use of the “ inland route ”. The record is bursting with evidence of homes going up in the middle of the inland route with no objection by the users. No attempt was made to prevent these homes from being erected in the middle of the route nor was there any evidence of any intentional destruction of these homes. The only action taken was a continual changing' of the route as more houses were built. Certainly, this does not constitute adverse use. In fact, permissive rather than adverse use is the only conclusion that can be drawn from the evidence in the record (King v. Goldstein, 19 Misc 2d 523).
The element of exclusive use is also absent herein (see Di Leo v. Pecksto Holding Corp., 304 N. Y. 505). The vehicular use by people in general is not an exclusive use by plaintiff Lemp.
The requirement of uninterrupted use is lacking herein by reason of the fact that houses were built in the middle of the inland route. Furthermore, property within the inland route was condemned by the Federal Government under the National Seashore Act and by the Town of Islip with respect to Atlantique Beach.
The evidence clearly indicates that the inland route is chopped up with public ownership and is vague, indefinite, shifting and temporary. Consequently, this court has no other alternative *297 but to hold that no easement by prescription has been created with reference to the inland route.
Was an easement by prescription established with reference to the beach route?
Property affected with a public interest is not subject to an easement by prescription (Cotrone v. City of New York, 38 Misc 2d 580). Clearly, beach property used by members of the public is affected with a public interest and thus no easement by prescription can be created with reference to the “ beach route
Has the public acquired an absolute right to the use of the vehicles on the beach and inland routes ? Are these routes, in effect, public highways ?
What must the plaintiffs prove in order to demonstrate that the inland route is a public highway?
Plaintiffs must demonstrate that the governmental units in question have kept the “inland route ” in repair and have maintained this route (Nichols Copper Co. v. Connolly, 208 App. Div. 667, affd. 240 N. Y. 596; see, also, Speir v. Town of Utrecht, 121 N. Y. 420; Johnson v. Niagara Falls, 230 N. Y. 77; People v. Sutherland, 252 N. Y. 86). No such evidence was introduced by plaintiffs. In fact, the Deputy Superintendent of Highways of the Town of Islip testified that no maintenance or repair of the so-called inland route was ever undertaken by the Town of Islip.
Is the beach route a public highway? This issue was settled by the case of Hodges v. Town of Islip, a memorandum decision, Supreme Court, Nassau County (N. Y. L. J., July 27,1964, p. 11, col. 2). Justice Suozzi held that the beach at Fire Island was not a public highway, as indicated by the following language: ‘ ‘ The contention of the plaintiffs that the beach is a highway from which by the terms of the Vehicle and Traffic Law they may not be excluded is rejected. Section 1604, Vehicle and Traffic Law, does restrict a town from adopting a regulation which prohibits any owner or operator of a motor vehicle from the free use of public highways, but neither the authorities nor statutes cited establish that a beach is a public highway. To the contrary, the Legislature has referred to the regulation of highways and beaches in separate sections of the Town Law, section 130 (7) and section 130 (11). It may not be held that this beach was ‘ open to the use of the public for purposes of vehicular travel'’ (section 113, Vehicle and Traffic Law).”
Thus, it is clear that neither the so-called “ beach route” nor “ inland route ” is a public highway and is therefore not *298 subject to the provisions of the Vehicle and Traffic Law as argued by plaintiffs.
The purpose for which the Islip Town ‘ ‘ Beach Buggy Ordinance ” was enacted is succinctly set forth in the preamble. The. ultimate aim of the ordinance is the curtailment of the process of erosion on Fire Island through the control and regulation of vehicular traffic.
Plaintiffs’ own expert witness conceded the use of motor vehicles on Fire Island is a contributing factor to erosion. Surely, it cannot be argued that free and unrestricted uses of vehicles on Fire Island would not aggravate the problem of erosion. The testimony at the trial was replete with evidence of crossing of the dunes by motor vehicles which admittedly add to the problem of erosion. This problem is one which the Federal, State and town governments have been trying to solve (see Public Law 88-587, enacted Sept. 11, 1964, 78 U. S. Stat. 928, U. S. Code, tit. 16, § 459e).
The argument that houses may contribute to erosion and why they too are not prohibited is of no consequence. This argument is only addressed to the desirability or wisdom of the particular ordinance but plays no part in the question of whether the town can regulate vehicular traffic on Fire Island. The court in Lincoln Bldg. Assoc. v. Barr (1 N Y 2d 413, 415) stated: “ A legislative enactment carries with it a strong presumption of constitutionality, i.e., it is presumed to be supported by facts known to the Legislature. [Citations.] This presumption, however, is not irrebuttable (Defiance Milk Products Co. v. Du Mond, supra [309 N. Y. 537] p. 541), and courts may scrutinize the basis of legislative enactments predicated upon the existence of a particular state of facts (United States v. Carolene Products Co., supra [304 U. S. 144] p. 153; * * * but they may not be concerned with questions as to the ‘ reasonableness, wisdom, and propriety ’ [citations] and ‘ Where the question of what the facts establish is a fairly-debatable one, we accept and carry into effect the opinion of the legislature ’ [citations]. Nor may courts substitute their judgment for that of the Legislature so long as there can be discovered ‘ any state of facts either known or which could reasonably be assumed ’ to afford support for the legislative decision to act ’. (See, also, Matter of Fay, 291 N. Y. 198, 206, 207.)
The Islip ordinance on its face was not directed at any one group as contended by Libba, nor was there any evidence that such was its purpose. It obviously intended to minimize the number of vehicles which would travel on Fire Island in the *299 Town of Islip and thus denied permits to those persons whose use of vehicles on the island would be more of a luxury than necessity.
The ordinance would not be invalid even if it was enacted with the Libba in mind. “ It is fair inference that adoption of the ordinance before us was prompted by the conduct and action of the defendants but we deem it clear that, if the law would otherwise be held constitutional, it will not be stricken as discriminatory or invalid because of its motivation.” (People v. Stover, 12 N Y 2d 462, 466; app. dsmd. 375 U. S. 42.)
The evidence introduced herein illustrates that the ordinances of the Villages of Sal-taire and Ocean Beach are reasonably related to the danger of permitting unrestricted vehicular traffic in narrow passageways congested with pedestrians and represents a reasonable means of attempting to solve the problem for which the ordinances were enacted.
It is common knowledge that an ordinance of regulation entails a curtailment of some sort. Such an ordinance, as long as it is reasonable and not confiscatory, is valid. The mere fact that these ordinances may have affected Lemp’s pecuniary profits, is in and of itself, no reason to hold them invalid. The court in the case of Matter of Wulfsohn v. Burden (241 N. Y. 288, 302) stated: “It is not an effective argument against these ordinances, if otherwise valid, that they limit the use and may depreciate the value of appellant’s premises. That frequently is the effect of police regulation and the general welfare of the public is superior in importance to the pecuniary profits of the individual. (Spector v. Building Inspector, 250 Mass. 63, 70.) ”
Lemp testified that the maximum expense to him because of the passage of the subject ordinances was under $2,000. Certainly this would not constitute a taking of property without due process of law.
Furthermore, the Great South Bay is a navigable body of water and is a public highway for commerce and travel. Numerous ferries traverse the Great South Bay, transporting people and goods and the type of freight relied upon by Lemp in the conduct of his business.
The history of Fire Island has demonstrated that communities can be built and the needs of people for essential services met, with the ferries constituting the principal means of access.
These facts indicate that Lemp has a reasonable means of access to Fire Island and his claim of irreparable injury arising from the vehicular restrictions contained in the subject ordinances is refuted.
*300 Letup’s contention that the Islip ordinance is invalid because of the distinction between businesses in existence prior to 1963 and those of a later date has no bearing on the issues herein. Letup admittedly was in business prior to 1963 and thus is not a party aggrieved by such a provision and has no standing to challenge it.
The court recognizes the convenience of the plaintiffs of permitting them to have unrestricted use of vehicles on Fire Island. However, the plaintiffs must recognize that Fire Island is no longer a wilderness. It is inhabited by people and their safety is of paramount importance. Unrestricted vehicular traffic, where no public highways exist, is not cognizant with the welfare and safety of the inhabitants of Fire Island.
Furthermore, this court would be remiss if it did not take judicial notice of the public policy of the Nation with respect to the restriction of vehicular traffic on Fire Island as expressed by the present Secretary of the Interior on July 21, 1967 in the following language: ‘ ‘ The unrestricted use of motor vehicles in the Fire Island National Seashore, conflicts with the purposes of the Act of September 11, 1964, authorizing the establishment of this Seashore, to conserve and preserve for the use of future generations certain relatively unspoiled and undeveloped beaches, dunes and other natural features within Suffolk County, N. Y., which possess high values to the Nation as examples of unspoiled areas of great natural beauty in close proximity to large concentrations of urban population; conflicts with the administration of the Seashore to be established with the primary aim of conserving the natural resources located there; is inconsistent with statutory limitations on access to that section of the Seashore lying between the easterly boundary of the Brookhaven town park at Davis Park and the westerly boundary of the Smith Point County Park; and is incompatible with the preservation therein of the flora and fauna and the physio-graphic conditions now prevailing; and conflicts with the preservation of such section and of the Sunken Forest Preserve in as nearly their present state and condition as possible.”
The plaintiffs have not rebutted the presumption in favor of the constitutionality of the subject ordinance (United States Trust Co. v. United States Fire Ins. Co., 18 N. Y. 199). Hence this court will not declare the subject ordinances unconstitutional merely because they cause plaintiffs some inconvenience.
The complaints are hereby dismissed.