Angelo Mauceri, J.
The defendant herein was charged with a violation of section 6 of the Vehicular Uses Great South Beach Ordinance of the Town of Islip, in particular “Vehicles for which a permit shall have been issued are prohibited from being operated from May 15 to October 1 between the hours of 9 a.m. and 6 p.m. Between October 1 and May 15, vehicles for which a permit shall have been issued are permitted to operate on the beach at any hour.
The definition of beach in the ordinance is “ the beach shall encompass all real property at Fire Island and should include all of that area in the Town of Islip along the shore of the Atlantic Ocean lying between low water marks as a southerly boundary and the crest of the dunes as a northerly boundary ”.
The contention of the defendant in this matter is that the statute is unconstitutional, unreasonable, arbitrary and capricious and his argument in this regard is that the definition of the word beach is beyond any definitive scope that the word has ever attained before in the English language and that this definition is arbitrary and unreasonable in that it has no foundation in fact or science that all the land on Fire Island is a beach.
The defendant further contends that the statute is arbitrary since there are no modes of transportation on Fire Island other than by vehicular travel and it is unreasonable to prohibit the residents of the island from said travel during the hours in the ordinance.
They further contend that since the ordinance does not prohibit all traffic during all hours, that the ordinance is not directed to its original purpose to prevent erosion of the dunes and of the sand areas on Fire Island. The Town of Islip is opposed to all of these contentions and feels that they have the right to declare as public policy the protection of a vital seashore area which can be eroded by extra heavy vehicular traffic. The court has taken all of the arguments into consideration of both counsel and in considering the arguments of the defense counsel with regard to the validity of the instant statute, let it be said that it is the duty of the court to sustain the police powers of the Legislature unless they are clearly, plainly and palpably in violation of the Constitution. (People v. Schweinler Press, 214 N. Y. 395.) Such enactment under the police power will not be invalidated merely because there is an earnest conflict of serious opinion as to its validity. Judicial review can only be limited to an inquiry as to whether there was a reasonable basis for the Legislature’s determination. (People v. Ryan, 230 App. Div. 252.) In order to invalidate the instant *832 legislation enacted under the police power of the Town of Islip, it must be shown as a matter of law, that the ordinance is not justifiable under any permissible or intelligent interpretation of all of the facts and is not a reasonable exercise of the police powers. (Wiggins v. Somers, 4 N Y 2d 215.) Reasonableness of necessity must be considered in the light of each problem as it is presented. (Somers v. Camarco, 308 N. Y. 537.) And so, in this case the court must consider the reasonableness of the exercise of the police powers of the Town of Islip in the Vehicular Ordinance in light of the problem presented. In Long Is. Beach Buggy Assn. v. Town of Islip (58 Misc 2d 295, 300), the Supreme Court of Suffolk County, Special Term, Justice Geiler presiding, the court took judicial notice of the public policy of the United States with regard to the statement of the Secretary of the Interior who, on the 21st of July, 1967, stated the following: “ The unrestricted use of motor vehicles in the Fire Island National Seashore, conflicts with the purposes of the Act of September 11, 1964, authorizing the establishment of this Seashore, to conserve and preserve for the use of future generations certain relatively unspoiled and undeveloped beaches, dunes and other natural features within Suffolk County, N. Y., which possess high values to the Nation as examples of unspoiled area§ of great natural beauty in close proximity to large concentrations of urban population; conflicts with the administration of the Seashore to be established with the primary aim of conserving the natural resources located there; is inconsistent with statutory limitations on access to that section of the Seashore lying between the easterly boundary of the Brookhaven Town Park at Davis Park and the westerly boundary of the Smith Point County Park; and is incompatible with the preservation therein of the flora and fauna and the physiographic conditions now prevailing and conflicts with the preservation of such section and of the Sunken Forest Preserve in as nearly their present state and condition as possible.”
This court would be remiss if it did not extend that same judicial notice to the public policy of the United States and, it is clear to this court that the Town of Islip has the police power to regulate vehicular traffic on Fire Island in order to protect the area from erosion, the municipality is justified in guarding against vehicles which, during the peak travel hours of the .summer months, would contribute to erosion by continual travel over the sand area with distinct probability that the vehicles would traverse the dunes indiscriminately.
This ordinance is reasonably formulated to prevent as much as humanly possible in this regard. If the statute had pro *833 hibited vehicular traffic completely at all times, this certainly would be an arbitrary, unreasonable and capricious act.
The motions of the defendant to dismiss this information on the grounds of its unconstitutionality are denied. On the facts and on the law, after trial, the court finds the defendant guilty as charged and sets the sentencing down before the court on September 29, 1969.