■ EDWIN J. MULONET et al., Appellants, v. DAVID LASKY et al., Respondents.— In a proceeding under article 78 of the CPLR to annul a determination of the respondent Zoning Board of Appeals, dated May 28, 1970, denying an application to review a refusal to issue a building permit, petitioners appeal from a judgment of the Supreme Court, Rockland County, dated August 17, 1970, which granted respondents' cross motion to dismiss the petition on the ground that the litigation is barred by the principle of *res judicata.* Judgment reversed, on the law, without costs, and motion to dismiss petition denied. Respondents' time to answer the petition is extended until 20 days after entry

of the order to be made hereon; and respondents shall indicate in their answer why the application by petitioners was denied. Petitioners are the owners of land and structures which prior to two fires were being used under provisions of the Zoning Ordinance of the Town of Ramapo permitting nonconforming uses. Following the fires they sought a building permit to rebuild the structures under applicable provisions of the Zoning Ordinance. After the request for such permit was denied, they appealed to the respondent Zoning Board of Appeals. Public hearings were held and the board concluded that a permit should not be issued because petitioners had sought an extension and an enlargement of a nonconforming use rather than a rebuilding of a nonconforming use after a fire. Petitioners then instituted this proceeding, asserting that the denial of a permit was arbitrary and capricious and that the findings were not supported by the evidence. Respondents did not submit an answer, but instead made a motion to dismiss the petition on the ground that the matter had been previously litigated and thus the doctrine of *res judicata* barred any relief to petitioners. The basis of the motion to dismiss was that in 1967 (prior to the fires) petitioners applied for a permit to modernize the premises with a new service station instead of the rather antiquated one which was then being used. The Board of Appeals denied the application and the court sustained that decision. Special Term granted the motion to dismiss the instant petition on the ground that it sought an enlargement of a nonconforming use and thus the Board's findings were consistent with the facts. Special Term indicated that it would not pass on the *res judicata* issue in view of its dismissal on another ground. We are of the opinion that Special Term erred in granting the motion to dismiss on a ground not raised in the motion. The motion was made on a claim that a prior proceeding was *res judicata* as to the present proceeding. Petitioners opposed this claim only, since the motion assigned no other ground. By dismissing on another ground Special Term denied petitioners their rights to a determination on the merits after interposition of an answer by respondents. Thus, respondents should now file an answer. We also note that the principle of *res judicata* could not be applied to the present proceeding, since the 1967 application was for a permit to allow modernization of a nonconforming use under those sections of the Zoning Ordinance dealing with enlargements of nonconforming uses. The present application for a permit to rebuild was made under different sections of the ordinance which deal with rebuilding of fire-destroyed premises that had been devoted to nonconforming uses. Hopkins, Acting P. J., Martuscello, Latham, Shapiro and Brennan, JJ., concur.