■ In the Matter of SCAL REALTY CORP., Appellant, v MARTHA DeSALVO et al., Respondents, and MICHAEL A. MINANDO et al., Intervenors-Respondents. [651 NYS2d 581] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Incorporated Village of Freeport, dated January 25, 1995, which vacated a permit issued by the Superintendent of Buildings to permit reconstruction of a building destroyed by fire, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Ain, J.), entered September 15, 1995, which denied the petition. Justice Ritter has been substituted for the late Justice Hart (*see*, 22 NYCRR 670.1 [c]).

Ordered that the judgment is affirmed, with costs to the respondents.

Courts have accepted zoning regulations imposing reasonable restrictions against reestablishing nonconforming uses after substantial destruction, based, *inter alia*, on some significant percent of value destroyed (*see, e.g., Matter of Bobandal Realties v Worthington*, 21 AD2d 784, *affd* 15 NY2d 788). "Disallowing the perpetuation of nonconforming uses at an appropriate point in time and under reasonable regulatory circumstances comports with the law's grudging tolerance of them in the first instance" (*Matter of Pelham Esplanade v Board of Trustees*, 77 NY2d 66, 71). Here, in arriving at its conclusion barring reconstruction of the petitioner's building pursuant to Village of Freeport Code § 210-20, the Zoning Board of Appeals of the Incorporated Village of Freeport (hereinafter the Board) received and evaluated an appraisal report of the petitioner's expert witness, photographs of the site before and after the fire, and evidence showing that the petitioner had asked for and received a 70% reduction in the tax assessment of the value of *all* of the improvements after the fire. The findings in a prior proceeding dealing with a permit to allow renovation of the petitioner's improvements are not binding here (*see, e.g., Mulonet v Lasky*, 39 AD2d 922, 923; *see also, Galante v Mine-*

*ola Ford Sales,* 160 AD2d 758). The court in that prior proceeding specifically found that there was "nothing" before it which would require it to rule on the applicability of Village of Freeport Code § 210-20, and that the status of the nonconforming use subsequent to the fire was not properly before it (*see, Matter of Minando v DeSalvo,* Sup Ct, Nassau County, July 26, 1994, Yachnin, J., Index No. 30938/93).

In light of the reduced tax assessment, the Board's finding that reconstruction of the building violated Village of Freeport Code § 210-20 was supported by substantial evidence, whether or not the other uses of the property were functionally interdependent with the building.

The appellant's remaining contentions are without merit. Miller, J. P., Ritter, Altman and Goldstein, JJ., concur.