FRANCES F. MARCUS and ESTATE OF HENRY ESSER, INC., Respondents, v. VILLAGE OF MAMARONECK, Defendant, Impleaded with BANKERS TRUST COMPANY, as Substituted Trustee of a Trust Fund for the Benefit of PIERRE L. WILLIS and RUBY C. WILLIS, and Others, Appellants.

Second Department, January 2, 1940.

*Henry E. Stohldreier* [*Walter W. Westall* with him on the brief], for the appellants.

*J. Henry Esser*, for the respondents.

PER CURIAM. Action for an injunction enjoining the defendants other than the village of Mamaroneck from operating or permitting the operation of a club upon certain property in the village of Mamaroneck in alleged violation of a zoning ordinance, and enjoining the defendant village, by reason of the alleged violation of said zoning ordinance, from issuing a license to permit dancing on premises where food and drink are sold.

(a) *Res judicata* does not bar this action.

(b) The user of the property which obtained on March 2, 1925, when the zoning ordinance was adopted, was a non-conforming use as a beach or bathing club operated as a business for profit. Included in the permissible uses was that of furnishing bathing facilities to the members and appropriate refreshments and incidental entertainment and opportunities for social activities. The fact that at that time the dining facilities were somewhat meager and the refreshments served somewhat limited did not exclude more substantial dining opportunities and refreshments being legitimately accorded to the beach club members. The furnishing of more substantial dining opportunities and refreshments and the according of opportunities for participating in occasional dances, with incidental refreshments, was a reasonable accessory use and cognate activity of a beach or bathing club. Therefore, the furnishing of these enlarged social and refreshment facilities to the members of the beach club did not constitute, in substance, a change of the non-conforming use of the premises which obtained at the time the ordinance was adopted. Under the ordinance existing non-conforming uses were permissibly continued. The enlargement of the appellants' plant in 1928, even though it involved the expenditure

of the substantial amount of $44,000, has been held to have been under a permit which was valid on its face. This conclusion has not been made the subject of grievance by the plaintiffs through the medium of appeal. It may well be that part of this enlargement had no necessary relation to an increase of a non-conforming use and, therefore, in so far as it did concern itself with an increase of a non-conforming use it did not reach a percentage basis that was violative of subdivision (1) of section 11 of article I of the Zoning Ordinance of the village of Mamaroneck, which contained a fifty per cent limitation in respect of assessed value.

The evidence does not disclose that the premises were used in effect as a night club. It discloses that dances were held only twice a month during the summer months and under circumstances involving no impropriety or disorder. It is common knowledge that beach clubs, bathing clubs, yacht clubs and golf clubs as an incidental activity from time to time conduct dances on their premises for the benefit of their members and as an ordinary social activity. Conducting such occasional dances and furnishing refreshments incidental thereto should not be interpreted to be other than a reasonable accessory use of such a club for the benefit of its members. The fact that in the first instance such uses were furnished members as a business venture does not create any distinction in this regard since the initial non-conforming use saved by the zoning ordinance was the same proprietary club or business venture.

This view makes unnecessary determining whether plaintiffs lack legal capacity to maintain this action because the ordinance (Art. V, § 2) provides that enforcement thereof shall be by the building inspector, and whether the vague character of the proof on which a claim of special damage is predicated is sufficient to avoid the general rule and enable plaintiffs to maintain this action on that theory. It likewise makes unnecessary considering whether or not plaintiffs are estopped to challenge the user after ten or more years' acquiescence.

The judgment should be reversed on the law and the facts, with costs, the complaint dismissed, with costs, the findings of fact and conclusions of law inconsistent herewith reversed, and new findings and conclusions made.

LAZANSKY, P. J., CARSWELL, JOHNSTON, ADEL and CLOSE, JJ., concur.

Judgment reversed on the law and the facts, with costs, and the complaint dismissed, with costs. Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions will be made. Settle order on notice.