FRANCES F. MARCUS et al., Appellants, *v.* VILLAGE OF MAMARONECK, Defendant, and BANKERS TRUST COMPANY, as Trustee, et al., Respondents.

Argued May 22, 1940; decided July 24, 1940.

*J. Henry Esser* for appellants. The effect of the reversal by the Appellate Division is to legalize the deliberate evasion of the jurisdiction of the Zoning Board of Appeals. (*Dowsey* v. *Village of Kensington*, 257 N. Y. 221; *Matter of Reed* v. *Board of Standards & Appeals*, 255 N. Y. 126;

*Matter of Goldenberg* v. *Walsh,* 242 N. Y. 576; *People ex rel. Werner* v. *Walsh,* 212 App. Div. 635; 240 N. Y. 689; *Matter of Hering,* 196 N. Y. 218; *King* v. *Dredger,* 256 App. Div. 1086; *People ex rel. Black* v. *Randall,* 254 App. Div. 310.) The Appellate Division erroneously interpreted the effect of the building permit or certificate of compliance, obtained by misrepresentation. (*Jewell* v. *Murphy,* 224 App. Div. 763; *N. Y. Cement Co.* v. *C. R. Cement Co.,* 178 N. Y. 167; *McCarter* v. *Beckwith,* 247 App. Div. 289; 272 N. Y. 488; *Roock* v. *Womer,* 233 App. Div. 566; *Matter of Kaltenbach* v. *Board of Standards & Appeals,* 274 N. Y. 34; *Rollins* v. *Armstrong,* 226 App. Div. 687; 251 N. Y. 349; *Matter of Colonial Beacon Oil Co.* v. *Finn,* 245 App. Div. 459; 270 N. Y. 591.) The Appellate Division erred in legalizing the building and use for which no occupancy permit had ever been applied or issued, and for which no dance hall permit is in effect. (*Heimerle* v. *Village of Bronxville,* 168 Misc. Rep. 783; 256 App. Div. 993; *Matter of Seidenberg* v. *Burwell,* 235 App. Div. 745; *Matter of Canberg* v. *Kleinert,* 225 App. Div. 875; *Matter of Leone* v. *Brewer,* 259 N. Y. 386; *Matter of Horowitz* v. *Schwab,* 130 Misc. Rep. 158; *Matter of E. J. W. Realty Corp.* v. *Dorman,* 232 App. Div. 765.)

*Harry B. Kurzrok, amicus curiæ.*

*Henry E. Stohldreier* and *Walter W. Westall* for respondents. The established use is proper and legal. (*Village of Attica* v. *Day,* 134 Misc. Rep. 882; *Matter of Empire City Racing Assn.* v. *City of Yonkers,* 132 Misc. Rep. 816; *Matter of Gordon* v. *Board of Appeals,* 131 Misc. Rep. 346; *Matter of Collins* v. *Moore,* 125 Misc. Rep. 777; *Village of Mill Neck* v. *Nolan,* 233 App. Div. 248; *Matter of Menreal Corp.* v. *Board of Standards & Appeals,* 235 App. Div. 850.) The action is barred by reason of appellants' laches. (*Matter of Gordon* v. *Board of Appeals,* 131 Misc. Rep. 346.)

FINCH, J. This action is brought by the owners of one-family private dwellings to restrain violations of the Village Zoning Law. Special Term gave judgment for plaintiffs.

The Appellate Division, second department, reversed Special Term on the law and facts, and dismissed the complaint, making certain new findings. The village of Mamaroneck, although named as a defendant, has not appealed from the judgment, and hereafter reference to defendants will be taken to mean the owners of a certain " Beach club " located in a Residence " A " Zone, in which are located the properties of plaintiffs.

The overwhelming weight of the evidence shows the following facts: In 1924 defendants, or their predecessor in interest, were operating a so-called " Beach club " as a business for profit. In 1929 the president of the corporation wrote to the then proprietors, " As there is no club and never has been any club, no revenue tax was collectible." In any event, it was stipulated in the record that the " Beach club " was a non-conforming use at all times in this district.

In 1925 zoning ordinances were adopted which established this district as a Residence " A " District. This in general prohibited the erection or use of any building except as a detached or semi-detached one- or two-family dwelling, but exempted non-conforming buildings and uses. In addition, no existing building devoted to a non-conforming use may be altered at a cost for the alteration of a sum exceeding fifty per cent of the assessed value of the lot and building. A Board of Appeals was given authority in each particular case, after public notice and hearing and subject to appropriate conditions and safeguards, to vary the regulations in harmony with their general purpose and intent so as to permit the enlargement of a non-conforming use or building in excess of fifty per cent of the assessed value of the building enlarged. The zoning ordinance also provided for " certificates of compliance and occupancy " so that hereafter no person shall use or occupy any building which has been altered " * * * until the Building Inspector shall have issued a certificate of occupancy stating that the building and premises comply with the provisions of these regulations."

In 1928 the structural facilities of the club were greatly altered and enlarged pursuant to a building permit which was valid on its face. This building permit, however, had indorsed on its face that all provisions of the zoning ordinances should be complied with in the alteration. The expense of the alteration was not less than $44,000, while the assessed valuation of the lots and buildings did not exceed $21,400. Although the then proprietors who were altering the buildings testified that they knew they were engaged in an unlawful undertaking, in making alterations at a cost of at least $44,000, when the limit fixed by law was one-half of the assessed valuation, or approximately $10,700, no application was made to the Board of Appeals for a variance. In addition, it is uncontroverted that no certificate of occupancy has been issued.

Special Term granted judgment for plaintiffs, restraining the activities of defendants except as measured by the use which was made of the premises as of March 2, 1925, and further providing that if application for a certificate of occupancy be not made and obtained within ninety days, plaintiffs might apply at the foot of the judgment to restrain defendants altogether until such certificate is obtained.

Upon appeal, the Appellate Division reversed, among other findings, that which established a violation of an expenditure in making alterations in excess of fifty per cent of the assessed valuation, and stated in its opinion, " The enlargement of the appellant's plant in 1928, even though it involved the expenditure of the substantial amount of $44,000, has been held to have been under a permit which was valid on its face * * *. It may well be that part of this enlargement had no necessary relation to an increase of a non-conforming use and, therefore, insofar as it did concern itself with an increase of a non-conforming use it did not reach a percentage basis that was violative of subdivision (1) of section 11 of article I of the Zoning Ordinance of the Village of Mamaroneck, which contained a fifty per cent limitation in respect of assessed value." (258 App. Div. 328, 329.) The Appellate Division, however, made no

new finding that the alterations complied as to cost with the limit of fifty per cent of the assessed value of the lot and building.

The evidence in the record is overwhelming, if indeed controverted, that the expenditure involved in the alteration was at least $44,000 while the assessed valuation was only $21,400. The design of the ordinance is clear. It is to permit the continuance of existing non-conforming uses, and further to allow buildings housing such uses to be altered to an extent not exceeding fifty per cent of the assessed valuation as a matter of course. Where, however, it is sought to make structural changes in excess of this limit, then the owner of the non-conforming premises must apply to a Board of Appeals which in a specific case, after public notice and hearing and subject to appropriate conditions and safeguards, may grant a variance in harmony with the general purposes and intent of the ordinance (Village of Mamaroneck Zoning Ordinance, art. III, § 3). In the case at bar the facts unquestionably show that the costs of the structural enlargements far exceeded the fifty per cent limit. Since no application for a variance was made to the Board of Appeals and none granted, the altered use of the premises of defendants was made in violation of law, and has since continued to be illegal. Defendants urge that the construction and enlargement of the premises were made pursuant to a building permit valid on its face. Appellants urge that the building permit was obtained by a misrepresentation that the alteration was an enlargement of a conforming use. The determination of this issue is immaterial. No building permit by an administrative official could condone, or afford immunity for, a violation of law. But in addition, as already noted, this permit expressly provided on its face that all provisions of the zoning ordinance of the village should be complied with in the alteration of the building, whether specified or not. The foregoing acts of defendants have constituted from their inception a continuing violation of law even without taking into consideration the fact that no certificate of occupancy has ever been obtained. The

continued use of these premises without a certificate of occupancy constitutes an additional violation of the zoning ordinance. A certificate of compliance and occupancy must be issued by the building inspector stating that the building as changed complies with the provisions of the zoning law. It is uncontroverted that no such certificate of compliance and occupancy has ever been issued. Whether the great increase in the activities and manner of operation of this " Beach club " constitute a change in use becomes immaterial in view of the express provision of the ordinance that a certificate of compliance and occupancy is required for " * * * any building or premises or part thereof hereafter erected, created, changed or converted wholly or partly in its use or structure * * *." (Zoning Ordinance, art. II, § 2.) The intent of the ordinance to require certificates of occupancy where there have been changes in either use or structure, is further shown by the provisions of the very next section, article II, section 3, which safeguards from that requirement " * * * the continuance of the present occupancy or use of any premises or of any existing buildings." It would seem that defendants' premises have been altered both in regard to use and structure, but the very wording of the ordinance shows that a certificate of compliance and occupancy is required where the alteration has taken place in any existing building. As already noted, the overwhelming evidence in the record shows an alteration of the existing building far in excess of one-half the assessed value.

It follows that plaintiffs must succeed and the judgment of Special Term be reinstated unless, as defendants urge, plaintiffs are guilty of laches or lack capacity to bring this action.

Defendants assert that plaintiffs are barred by laches for their failure to act promptly. There is no evidence in this record that these plaintiffs induced the respondents to enlarge the use of these premises, nor is there evidence of any action or inaction on the part of plaintiffs which prejudiced the position of defendants. There is no evidence at

all that these plaintiffs induced these defendants to spend a dollar upon alterations. The defense of laches is based upon the principle that plaintiffs have delayed to the prejudice of defendants. (Pomeroy on Equity Jurisprudence [4th ed.], § 1440 *et seq.*) The alterations were made at one time. Plaintiffs were not bound to enjoin in advance the contemplated changes or forever after lose their right. The evidence indicates no technical or unpremeditated violation of law by respondents, but on the other hand, there is direct testimony by the then proprietors who made the alterations that they contemplated a deliberate violation of law. While there is not shown even acquiescence on the part of plaintiffs, mere acquiescence could not make illegal acts legal. The trial court stated that the evidence necessary to establish that the use of the property was non-conforming was obtained only shortly before the trial of the action and found as a conclusion of law that there was neither laches nor estoppel. The Appellate Division, while reversing the conclusion of law made by the trial court that there was no laches or estoppel, did not make any finding of fact or law that there had been laches or estoppel. Thus, although there may have been delay on the part of plaintiffs, there is nothing in this record to show that defendants have in any wise suffered as a result. Indeed the delay of plaintiffs has afforded defendants many years of unlawful use. In addition, the violation by defendants is a continuing violation so long as the unlawful operation continues.

Defendants further contend that plaintiffs lack capacity to sue because, *first*, the village zoning ordinance specifies that the Building Inspector of the village shall bring actions to enjoin violations, and *second*, plaintiffs have suffered no special damage.

It appears that the property of plaintiff Marcus adjoins one parcel, and is across the street from the other parcel belonging to defendants. The property of plaintiff Estate of Henry Esser, Inc., is separated by about seventy feet of space from the main parcel belonging to defendants. To what extent the burden is upon plaintiffs to show damages

is not before us since the court at Special Term found that the evidence was sufficient to show that the property belonging to plaintiffs was materially damaged in pecuniary value by reason of the use of the property of defendants in excess of the use existing at the time of the adoption of the zoning ordinance. The Appellate Division, while reversing the findings as to special damage, did not make contrary findings. The provision that an official of the village shall enforce the zoning ordinance does not prevent a private property owner who suffers special damage from maintaining an action for redress. The plaintiffs have capacity to sue and the weight of evidence in the record shows that the plaintiffs have established special damage. (*Rice* v. *Van Vranken*, 132 Misc. Rep. 82; affd., 225 App. Div. 179; affd., 255 N. Y. 541.)

Defendants assert the defense of *res judicata* arising from the fact that heretofore a proceeding was brought by the village of Mamaroneck concerning certain lots used for parking and belonging to defendants which are also involved in the present action. The Appellate Division concurred with Special Term that this defense must fail, and it is not strongly urged upon this appeal by these defendants. Considered on its merits, the defense is obviously bad, since neither plaintiffs nor any predecessors in interest were parties to the prior action, and the subject-matter of the prior action differed from that which is involved upon this appeal.

It follows that the judgment of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in the Appellate Division and in this court.

LEHMAN, Ch. J., LOUGHRAN, RIPPEY, SEARS, LEWIS and CONWAY, JJ., concur.

Judgment accordingly.