Mario Pittoni, J.
Application for an order, pursuant to article 78 of the Civil Practice Act, to review and annul a determination of the respondents wherein the petitioner was denied a special exception permit to construct a dwelling on premises located on the south side of Carolina Avenue, 1,370 feet east of Peninsula Boulevard.
The subject property is a rectangular plot containing 4,397.6 square feet. It has a frontage of 40 feet on Carolina Avenue and a depth of 110 feet. It is in a Residence AA. zone under the Zoning Ordinance of the Village of Hempstead. According to the Zoning Ordinance, adopted in 1955, a minimum frontage of 50 feet is required except ‘1 where a plot of ground in a single and separate ownership on, and continuing since June 4, 1940, has a frontage upon a public street or highway of not less than forty (40) feet, one detached dwelling may be erected thereon, as a special exception when authorized by the Board of Appeals in accordance with the standards in Article XIX.” (§ 1006.)
An application was made by the petitioner herein to the respondents for a variance or special exception to permit construction of a two-story dwelling on the subject property. At the hearing held on February 4,1960 numerous nearby property owners appeared in opposition to the application. They contended that a dwelling upon this substandard plot would depre *630 cíate the value of their properties, all of which consisted of larger plots and presumably more substantial buildings than was likely to be erected on the petitioner’s plot. A real estate expert appeared on behalf of one of the adjacent property owners and stated that his client’s 60 foot by 100-foot plot and $18,000 house would be reduced in value by 20%, or $3,600, if a dwelling were erected on the 40-foot plot of the petitioner.
Based upon this opposition, the respondents at a subsequent meeting (March 3,1960) denied the permit because the applicant failed 1 ‘ to show that it will not depreciate the value of surrounding property and that it will not alter the essential character of the neighborhood Without specifying any other standards which the applicant failed to meet under section 1902 of the Zoning Ordinance, it was also held that ‘ ‘ he has not met the balance of the standards ’ ’. A letter to the petitioner, dated March 7, 1960, informed him that the application was denied without specifying any reason.
According to subdivisions 1 and 3 of section 1902 of the Zoning Ordinance, the respondents 1 £ shall not issue a permit unless it shall find in each case that the proposed use or the proposed change:
1 ‘ 1. Will not tend to depreciate the value of the surrounding property.
£ ‘ 3. Will not alter the essential character of the neighborhood.”
But under the Village Law, the Legislature of the State of New York has provided in section 179-b that a board of appeals has the power to vary the application of an ordinance wherever practical difficulties or unmecessary hardship exist so that the spirit of the ordinance may be observed and substantial justice done. As stated by Mr. Justice Hogan in Matter of Waldorf v. Coffey (5 Misc 2d 80) at page 82: " This is a legislative grant or delegation of power which can only be modified by the Legislature of the State of New York. Ño ordinance adopted by a village board may limit or abridge this power. Where practical difficulties or unnecessary hardship is present, the Board of Appeals is not bound by such a condition as this Village Board sought to impose ” (emphasis supplied).
The courts have had the occasion in recent years to hold many times that a property owner or his vendee may not be deprived of the right to a reasonable use of his property by a subsequently adopted zoning ordinance. (See Matter of Stadden v. Macauley, 12 Misc 2d 297, affd. 4 A D 2d 704; Matter of Feldman v. Nassau *631 Shores Estates, 12 Misc 2d 607, affd. 7 A D 2d 757; Matter of Vit-Al Bldg. Corp. v. Eccleston, 7 A D 2d 737; Matter of Mandalay Constr. v. Eccleston, 9 A D 2d 918.)
In addition to finding that the applicant has an absolute right to the use of his premises, the relief soug-ht may be granted for the failure of the respondents to comply with section 1291 of the Civil Practice Act. The answer herein does not contain 11 such facts as may be pertinent and material to show the grounds of the action taken by the respondent which is complained of ”; nor do the respondents submit ‘ ‘ affidavits, made by a person having knowledge of the facts, or other written proof, showing such evidentiary facts as shall entitle him to a trial of any issue of fact.” (Civ. Prac. Act, § 1291; see Matter of Rotkiewicz v. Department of Mental Hygiene, 283 App. Div. 458, 461, affd. 307 N. Y. 847; Matter of Lemir Realty Corp. v. Larkin, 8 A D 2d 970.) As stated in Matter of Lemir Realty Corp. v. Larkin (supra, p. 970): “ appellants should have complied with the provisions of section 1291 of that article [Civ. Prac. Act, art. 78], and, on their failure to do so, the Special Term could have rendered a final order against them on the basis of the petition and accompanying papers (Civ. Prac. Act, § 1297).”
Accordingly, the application is granted to the extent of directing the respondents to issue a permit for the construction of a dwelling “ subject to appropriate conditions and safeguards, as provided in section 1901 of the Zoning Ordinance of the Village of Hempstead.” (Matter of Federal Realty Research Corp. v. Zoning Bd. of Appeals of Village of Hempstead, 7 A D 2d 651.) Settle order on notice.