Francis T. Murphy, J.
The facts as developed at the trial of this action, which was tried by the court without a jury, establish that the plaintiff is the licensee and operator of a private nursing home located in the Borough of Queens, City of New York. It has been licensed to operate as a nursing home since July of 1957 and the last renewal of the license was issued by the Commissioner of Hospitals of the City of New York on December 14, 1962 and expired on December 14, 1963. In July, 1963 the Commissioner of Hospitals advised the plaintiff that its license to operate the nursing home would not be renewed on its expiration date (Dec., 1963) unless the business presently being conducted as a limited partnership was changed to a general partnership. It is conceded that since 1957 plaintiff has operated its business as a limited partnership and the defendant has until now, without objection, annually renewed the license. The parties have stipulated that pending the outcome of this trial, the city would do nothing to interfere with plaintiff’s otherwise lawful operation of its home.
This action by the plaintiff is for a judgment declaring the Hospital Commissioner’s acts in refusing to renew the plaintiff’s license, to be illegal, unauthorized, invalid and unconstitutional. Plaintiff argues that the licensing statute concerned herein does not prohibit a limited partnership from being licensed to operate a private nursing home and that section 92 of the *1016 Partnership Law expressly permits a limited partnership to carry on any business which a partnership without limited partners may carry on. It is conceded that if the plaintiff were an ordinary partnership a license would issue to it. Further, it is alleged that by reason of the Commissioner’s actions, plaintiff will sustain damage in excess of $600,000 unless the defendant is required to renew the plaintiff’s license.
Defendant concedes that the plaintiff nursing home is in fact a well-run operation and that the principals are all conscientious and respectable people. He argues, however, that it is without the statutory authority to renew the required license unless the limited partners become general partners and thus comply with the requirements of the statutes involved.
An examination of the Hospital Code, Part I (Proprietary Nursing Homes) of the Board of Hospitals, City of New York reveals that (§ 2.01, subd. [c]) “ Licensee shall be held to mean the person or persons who operate and who are responsible for a home and to whom the Commissioner has issued a license to operate a nursing home” (§ 2.01, subd. [d]): “Applicant shall be held to mean a person or persons who intend to operate and be responsible for a home and who submit to the Commissioner an application for a license to operate a nursing home. The applicant may not be a corporation” (§ 2.02, subd. [c]): ‘ ‘ A license issued by the Commissioner to operate a home is issued to a particular individual or individuals and for the designated place of business mentioned in the license. The license shall not be valid for use by another person or persons or at any place other than that designated in license. Any transfer as to person or place shall cause an immediate forfeiture of such license ” (§ 3.03): “ Licensee. The licensee shall be responsible for the care and safety of the patients, the provisions and maintenance of the physical plant and equipment, the personnel policies and practices and the business management. The licensee shall not be a corporation ”.
The testimony adduced at the trial establishes that the license heretofore granted herein was improperly issued to all of the partners of the plaintiff. The application for the license was made by all of the partners (limited as well as general) although it now appears that only the general partners can meet the requirements of an applicant for such a license. (§ 2.01, subds. [c], [d], supra.) Since the license was illegally issued originally, it cannot now be the basis for a contention that it continued to be issued even in face of its apparent illegality (Marcus v. Village of Mamaroneck, 283 N. Y. 325).
*1017 The plaintiff argues, in essence, that since the controlling statutes specifically exclude a corporation from holding a nursing home license and require that a natural person or persons be the holder thereof, that for the Commissioner to now enlarge upon this exclusion so as to exclude a limited partnership is an infringement by the Commissioner upon a legislative function and consequently illegal; further that pursuant to section 92 of the Partnership Law “ A limited partnership may carry on any business which a partnership without limited partners may carry on ’ ’ and it is conceded that a partnership could hold a license within the purview of the statutes involved.
It is true, as argued by the plaintiff, that nothing in the language of section 35-a of the Social Welfare Law or of the Hospital Code and Regulations specifically excludes a limited partnership. However, the spirit and intent of the statutes involved are sufficiently clear to evince a legislative intent to require that all persons forming the licensee of a nursing home bear the responsibility of a licensee vis-a-vis the Department of Hospitals as well as the patients using the home. It is this court’s belief that in construing the statutes and regulations that the court, as is stated in Matter of Sullivan Co. (289 N. Y. 110, 114) should consider “ the mischief ” sought to be remedied, “ and the proposed cure ”, and that the statute should be so construed “as to suppress the evil and advance the remedy ”. (See, also, People ex rel. Jackson v. Potter, 47 N. Y. 375; United Dye Works v. Scifo, 190 Misc. 959, 964.) The evil that could befall a community by permitting the treatment of the elderly sick and infirm to fall into the hands of unscrupulous operators removed from public regulation or control and immune from personal liability, more concerned with large profits than maximum care and benefits, can readily be seen. While such is not the case herein, it is apparent that the Legislature, in its wisdom, was cognizant of this possibility at the time of the enactment of the statute in question and intended to closely regulate and control all those who would become interested in the conduct and operation of private nursing homes.
The plaintiff, in operating as a limited partnership, is circumventing the spirit, purpose and intent manifest in the State policy of requiring licensees to bear full responsibility for their acts in the operation of a nursing home as well as bearing full financial responsibility. The limited partnership arrangement clearly violates the licensing statute. The limited partners do not operate the nursing home as is required by the regulations of a licensee and are only obligated to the extent of a fixed liability. This type of arrangement (limited partnership) does *1018 not protect and safeguard the general welfare and the health and safety of those who are required to use the said homes, and under the circumstances this court finds that a limited partnership in law is within the category which the licensing statute prohibits from being a licensee of a private nursing home. Since the application filed by the plaintiff then does not comply with the law (Hospital Code, § 2.08, subd. [1]), the Commissioner may validly refuse to renew the license.
Accordingly, the complaint is dismissed.