■ In the Matter of BOBANDAL REALTIES, INC., Respondent, v. CARROLL M. WORTHINGTON, as Building Inspector of the Town of Greenburgh, Appellant. — In a proceeding under article 78 of the former Civil Practice Act, to direct the Building Inspector of the Town of Greenburgh to issue to petitioner a building permit, and for related relief, the said Building Inspector appeals from an order of the Supreme Court, Westchester County, made August 27, 1963 upon the opinion and decision of the court (see 39 Misc 2d 756),

which directed him: (a) to revoke his denial of the petitioner's application for a building permit; and (b) to issue to petitioner a permit to rebuild a certain nonconforming structure partly destroyed by fire, subject to the conditions that it be rebuilt in substantially the original location, in the same or smaller size than the original, and in conformity with the height, yard, area and other nonuse requirements of the zoning schedule applicable to that district. Order reversed on the law and on the facts, without costs, and application denied, without costs, and without prejudice to an application by petitioner for a variance pursuant to subdivision E of section 8 of the Zoning Ordinance of the Town of Greenburgh. The findings of fact implicit in the Special Term's opinion and decision, insofar as they may be inconsistent herewith, are reversed, and new findings are made as indicated herein. For some years, petitioner has operated a country club on the subject property. The structures devoted to that use were a main building containing a restaurant, a bar, housing facilities for employees and an auditorium; an adjacent outdoor pavilion containing locker rooms, toilets, an office, chairs and tables; a swimming pool; a snack bar; 388 cabanas; utility buildings and shower and toilet buildings. On the property there were also parking spaces and a large area used for tennis courts and athletic fields. This use of the property has been held to be a vested nonconforming use in a residence zone (*Town of Greenburgh* v. *Bobandal Realties,* 10 N Y 2d 414). The Town's Zoning Ordinance (§ 8, subd. E) provides that a nonconforming structure that has been damaged by fire shall not be rebuilt in nonconforming form if the damage exceeds "50% of the volume of such * * * structure above the foundations"; that it may be so rebuilt "in substantially the same location" if the damage does not exceed such percentage, provided: (a) that "it is not enlarged or extended;" (b) that it complies with all the nonuse requirements of the applicable Zoning Ordinance; and (c) that a variance for such rebuilding has been obtained from the Board of Appeals. On December 14, 1962, a large part of the restaurant building was destroyed by fire. On March 14, 1963, petitioner applied to the Building Inspector for a permit to reconstruct the restaurant building in the same location, smaller in size, and in compliance with the nonuse requirements of the Zoning Ordinance. The application was denied pursuant to subdivision E of section 8 of the Zoning Ordinance. Petitioner did not ask the Building Inspector to certify the extent of the damage, nor did it apply for a variance as required by that section. Instead, petitioner brought the instant proceeding to review the Building Inspector's determination, on the theory that the Zoning Ordinance is unconstitutional on its face, and accordingly, does not prohibit the issuance of the building permit. Special Term agreed with petitioner and directed the issuance of the permit (see 39 Misc 2d 756). We believe Special Term erred. The owner of a permitted nonconforming building has no vested right to reconstruct it in nonconforming form after it has been partly destroyed by fire, and the municipality may impose reasonable restrictions on such rebuilding (*Matter of Koeber* v. *Bedell,* 254 App. Div. 584, affd. 280 N. Y. 692; *State* v. *Hillman,* 110 Conn. 92; *State ex rel. Covenant Harbor Bible Camps* v. *Steinke,* 7 Wis. 2d 275; see, also, *Matter of Harbison* v. *City of Buffalo,* 4 N Y 2d 553, 559–560; *Town of Somers* v. *Camarco,* 308 N. Y. 537, 540–541; *People* v. *Miller,* 304 N. Y. 105). The requirement of a variance to permit such reconstruction is not unreasonable (cf. *Matter of Crossroads Recreation* v. *Broz,* 4 N Y 2d 39; *Marcus* v. *Village of Mamaroneck,* 283 N. Y. 325; *Matter of Koeber* v. *Bedell, supra; State* v. *Steinke, supra*). Ordinances using 50% of "value" or "assessed value" as a criterion in determining whether an

owner shall be permitted to reconstruct a partly destroyed nonconforming building have been held not unreasonable on their face (see *State* v. *Hillman, supra*; *State* v. *Steinke, supra*; cf. *Marcus* v. *Village of Mamaroneck, supra*; *Navin* v. *Early,* 56 N. Y. S. 2d 346, 347–348). The question whether an ordinance using 50% of "volume" as a criterion is unreasonable and confiscatory should not be decided in a vacuum, but only with relation to a specific case in which facts have been presented to show that *in that case* the application of such criterion would destroy so great a part of the value of the nonconforming property that it would be unreasonable and confiscatory (*Town of Somers* v. *Camarco, supra*; *Matter of Harbison* v. *City of Buffalo, supra*; *State* v. *Hillman, supra*; *Incorporated Vil. of North Hornell* v. *Rauber,* 181 Misc. 546, 552–553). This determination does not leave petitioner without a remedy, since it may still apply for a variance to permit the desired reconstruction, pursuant to subdivision E of section 8 of the Zoning Ordinance. However, on such application, if it be made, the Board of Appeals: (a) in making its computation as to what percentage of the property was damaged by fire, should take into consideration all structures on the property which are devoted to the single, integrated, nonconforming use (*State* v. *Steinke, supra*); and (b) in reaching its determination whether petitioner should be granted a variance for the desired reconstruction, should not deem itself lacking in power to grant that relief merely because the percentage of damage may exceed the percentage specified in the ordinance, since the ordinance cannot abridge the board's powers in that respect (Town Law, § 267; *Matter of Waldorf* v. *Coffey,* 5 Misc 2d 80; *Matter of Sommese* v. *Zoning Bd. of Appeals,* 22 Misc 2d 628; *Matter of Fina Homes* v. *Beckel,* 24 Misc 2d 823; *Matter of Wernert* v. *McHaffie,* 158 N. Y. S. 2d 438). Of course, any adverse determination made by the board on such application for a variance would be subject to review by the courts upon a showing either: (a) that the construction of the ordinance, as applied to the subject property, "is so arbitrary and unreasonable as to result in an invasion of property rights" (*Matter of Diocese of Rochester* v. *Planning Bd.,* 1 N Y 2d 508, 519–521); or (b) that the board unreasonably and arbitrarily denied the variance despite a showing of unnecessary hardship. Kleinfeld, Christ, Hill and Rabin, JJ., concur; Ughetta, Acting P. J., concurs in result.