■        In the Matter of S. Chas. Gherardi & Sons, Inc., Respondent, v. Milton Glass et al., Constituting the Board of Standards and Appeals of the City of New York, Respondents, and Broadway Flushing Homeowners Association, Inc., Intervenor-Appellant.— In a proceeding pursuant to article 78 of the CPLR to review a determination of the respondent Board of Standards

and Appeals, made on May 23, 1967, affirming the revocation of a building permit, the intervenor herein appeals from a judgment of the Supreme Court, Queens County, dated November 19, 1968, which annulled said determination and ordered the permit reinstated. Judgment reversed, on the law, with costs to appellant against petitioner, determination confirmed and petition dismissed on the merits. No questions of fact were considered. In our opinion, petitioner was not entitled to a building permit for a substandard lot, as a matter of right, under section 23–33 (subd. [b]) and section 23–48 (subd. [b]) of the Zoning Resolution of the City of New York, as that lot was not "owned separately and individually from all other adjoining tracts of land, both on the effective date of this resolution and on the date of application for a building permit." The building permit originally issued was therefore invalid and was properly revoked; and petitioner acquired no vested rights thereunder (cf. *Matter of B & G Constr. Corp.* v. *Board of Appeals of Vil. of Amityville,* 309 N. Y. 730; *Marcus* v. *Village of Mamaroneck,* 283 N. Y. 325, 330). Christ, Acting P. J., Brennan, Hopkins, Munder and Kleinfeld, JJ., concur.