### (September 24, 1969)

■ JOHN STARK et al., Appellants, v. GILBERT SCUDDER et al., Constituting the Village Board of Trustees of the Incorporated Village of Northport, et al., Respondents.— In an action to declare a certain amendment to the Zoning Ordinance of the Village of Northport invalid and for injunctive relief, plaintiffs appeal from a judgment of the Supreme Court, Suffolk County, entered January 14, 1969, which dismissed their complaint after a nonjury trial.

Appellants' brief limited the appeal to the trial court's determination that appellants lacked standing to maintain the action. Judgment affirmed on the opinion of Mr. Justice TASKER at the Special Term, with costs to respondent Mariners Realty Corp. Rabin, Acting P. J., Munder and Kleinfeld, JJ., concur; Martuscello, J., dissents and votes to reverse the judgment and to remit the action to the trial court for further proceedings not inconsistent with the following memorandum, in which Benjamin, J., concurs: The sole issue presented upon this appeal is whether the court below was correct in concluding that plaintiffs lacked standing to maintain this action. Plaintiffs are residents of Bayview Avenue, in the Village of Northport. Their residences are located in close proximity to Karl's Mariners Inn, a restaurant owned by defendant Mariners Realty Corp., and the operation of the restaurant constitutes a nonconforming use. After several unsuccessful attempts at obtaining a variance from the Zoning Board of Appeals which would permit the expansion of its restaurant, defendant Mariners successfully applied to the defendant Board of Trustees for an amendment to the zoning ordinance which, in effect, permits the expansion desired. Plaintiffs thereafter brought this action for a judgment declaring the amendment to be invalid on the grounds, *inter alia,* that it was not adopted in accordance with a comprehensive plan (Village Law, § 177) and constitutes "spot zoning". The complaint was dismissed on the ground that plaintiffs lacked standing to maintain the action. Plaintiffs have no standing to maintain this action unless they can establish that the amendment in question will result in pecuniary or other special damage to them (*Marcus* v. *Village of Mamaroneck,* 283 N. Y. 325). In this connection, the uncontradicted evidence at the trial established that the existence of the restaurant at the north end of Bayview Avenue increased the traffic problem inherent in the geographical layout of the village and the physical limitations on the width of Bayview Avenue, and that the traffic congestion was so serious that it resulted in a depreciation in value of plaintiffs' respective residences. Given the fact that the restaurant has contributed to the creation of traffic congestion resulting in the depreciation of plaintiffs' properties, one can, in my opinion, fairly draw an inference — for the limited purpose of deciding the issue of standing — that expansion of the restaurant (Mariners' president testified that the seating capacity is to be increased by more than 50%) will produce traffic congestion even more oppressive than that which currently exists and that further depreciation of plaintiffs' properties is likely to occur by reason thereof. Since the expansion has not yet actually been undertaken, neither plaintiffs nor anyone else are in a position to establish with any degree of certainty that further depreciation will or will not result. Under such circumstances, for the limited purpose of establishing standing, plaintiffs should be required to show only that further pecuniary damage is potential. In so doing they would demonstrate a substantial interest in the determination of the controversy. In my opinion, plaintiffs have made such a showing and have thereby established their standing to maintain this action. Accordingly, the action should be remitted to the trial court for a disposition on the merits.