Abraham J. Gellinoff, J.
In this article 78 proceeding, petitioners, the owners of the Pierrepoint Hotel in Brooklyn, New York, seek a judgment permanently restraining the City of New York from revoking a building permit previously issued to petitioners for the purpose of altering the hotel and redesigning it as a proprietary home for adults. Respondents seek dismissal of the proceeding.
The building permit involved herein was issued to petitioners on November ,28, 1973 and, pursuant thereto petitioners commenced demolition of the building. Four weeks later, respondents revoked the permit on two grounds: that intervening resolutions of the Board of Estimate invalidated the building permit, and that petitioners failed to obtain appropriate certification from the State Board of Social Welfare.
On this application, petitioners, relying on Matter of Temkin v. Karaghenzoff (43 A D 2d 820, affd. 34 N Y 2d 324), urge that the intervening resolutions of the Board of Estimate are inapplicable because work had been performed under the building permit sufficient to create in petitioners a vested interest. Petitioners further allege that certification from the iState Board of 'Social Welfare is not necessary.
The court need not determine the factual issue presented by the papers whether petitioners performed work sufficient to create a vested interest. For here, unlike the situation in Temkin, petitioners have not “ received all the necessary approvals from the State and municipal authorities ” (Matter of Temkin v. Karaghenzoff, 34 N Y 2d 324, 329, supra). Petitioners’ failure to obtain the required certification from the State Board of Social Welfare rendered the building permit void ab initio -, therefore, no rights could vest thereunder (see Marcus v. Village of Mamaroneck, 283 N. Y. 325).
Section 22-13 of the Zoning Resolution of the City of New York, revised March 8, 1973, requires that prior to the issuance of a building permit, the appropriate governmental agency must approve the location of facilities of the kind involved here. Here, the appropriate agency is the State Board of Social Welfare, which, as a matter of standard procedure, preliminarily reviews *240 plans and program and staffing proposals for proprietary homes for adults, and, upon approval, so informs the owner in writing. That is the approval required by the Zoning Resolution.
Petitioners argue that such approval is not required for a facility in New York City. They rely upon 18 NYCRR 20.2(c), which provides ,that plans for a building proposed to be erected to be used for domiciliary care for adults, except for such a building to be erected in the ¡City of New York, shall be submitted to the State Department of Social Services for approval. This section, however, is inapplicable. Involved here are not “ plans for building ’ ’, but rather plans for altering an existing structure. The State board, while not required to approve the construction plans for buildings to be built in New York City, must, nevertheless, as above noted, preliminarily approve the program and staffing proposals as a condition precedent to the issuance of a valid permit.
Petitioners further allege that they have now received the appropriate approval from the State Board. However, this tardy approval does not now validate the previously issued invalid permit.
Accordingly, this court concludes, as did the court in Matter of Lee v. Walsh (Index No. 2788-74 [Sup. Ct., N. Y. County, May 8, 1974, Quinn, J.]) upon the identical issue, that, lacking the approval from the ¡State board, the building permit for this proprietary home for adults was void ab initio. The application is therefore denied, and the petition dismissed.