■ 154 EAST PARK AVENUE CORP. et al., Appellants-Respondents, v CITY OF LONG BEACH et al., Respondents-Appellants.—In an action *inter alia* (1) to permanently enjoin defendants from preventing plaintiffs from reconstructing certain premises and (2) for money damages, the parties cross-

appeal from a judgment of the Supreme Court, Nassau County, dated February 13, 1974, which, after a nonjury trial, *inter alia,* declared (1) that certain ordinances are valid and constitutional and (2) that defendants' revocation of a building permit was not arbitrary or improper. Judgment modified, on the law, by deleting therefrom the fourth, fifth and sixth decretal paragraphs. As so modified, judgment affirmed, without costs, and case remanded to Special Term for (1) a hearing and determination as to whether the fire damage to the subject building exceeded more than one half of its market value prior to the fire and (2) the entry of an appropriate amended judgment in accordance therewith. Plaintiff 154 East Park Avenue Corp. is the owner of a building in the City of Long Beach which was damaged by fire on January 11, 1972. The building had a nonconforming use because it was occupied by both residential and commercial tenants, whereas a zoning ordinance, enacted after the commencement of such use, prohibited such a mixed use. Plaintiff SLC Construction Corp., on July 5, 1972, was issued a building permit for the restoration of the building to its prior nonconforming use. The building permit was revoked on September 21, 1972 on the ground that it was issued in violation of an ordinance which provided that "any non-conforming building damaged by fire or act of God to an extent not exceeding one-half its value or one-half its cubical contents, may be repaired within six (6) months subject to the provisions of the Building Code, and used as before" (Municipal Code of City of Long Beach, § 9-106.6). The trial court found that the revocation was proper as the damage to the building exceeded one half of its value and one half of its cubical contents; it awarded damages to plaintiffs for expenditures made by them in reliance upon the building permit issued on July 5, 1972. We note that, pursuant to the above-cited ordinance, a nonconforming building which is damaged by fire may not be repaired and used as it was before the fire if the damage exceeds more than one half of its value or, alternatively, if such damage exceeds more than one half of its cubical contents. Ordinances using 50% of "value" or 50% of "volume" as a criterion in determining whether an owner shall be permitted to reconstruct a partly destroyed building have been held not to be unreasonable on their face (see *Matter of Bobandal Realties v Worthington,* 21 AD2d 784, affd 15 NY2d 788). We believe the city sought to enact an ordinance which employed both the "value" and "volume" criteria as independent standards. Moreover, we conclude that the term "value", as used in the ordinance, must be construed to mean market value prior to the fire (cf. *Matter of Hellerstein v Assessor of Town of Islip,* 37 NY2d 1; *Matter of Jetter v Hofheins,* 190 Misc 99). In the circumstances of this case, the evidence does not support the trial court's conclusion that the fire damage exceeded one half of the cubical contents of the building; the mathematical computations utilized to sustain that finding were not made until approximately nine months after the fire, and then only after substantial demolition and partial reconstruction pursuant to the building permit made inspection of the damaged premises an impossibility. However, the case should be remanded for a hearing to determine whether the fire damage to the building exceeded more than one half of its market value prior to the fire. No testimony was offered to establish such market value. Finally, we observe that the award of damages for expenses incurred by plaintiffs as a result of the erroneous issuance of the building permit was improper *(Rottkamp v Young,* 21 AD2d 373, affd 15 NY2d 831). Martuscello, Acting P. J., Latham, Cohalan, Margett and Brennan, JJ., concur. [76 Misc 2d 445.]