OPINION OF THE COURT
William J. Davis, J.
Defendant moves to dismiss several informations charging him with violations of the New York City Administrative Code. The violations concern the erection and maintenance of a double-sided billboard.
FACTS
In November 1982, Transportation Display, Inc. (TDI), constructed a double-sided billboard at South 158th Street, 340-0 in New York County. This billboard is located adjacent to the Henry Hudson Parkway which has been designated as a Federal *687 primary highway. Measuring approximately 14 feet by 48 feet, the billboard is approximately 100 feet in the air. The billboard rests atop a concrete pillar which stands on property which TDI leased from Conrail.
The sign was built by TDI at a cost of approximately $200,000 and it is now operated by H. A. Marwin, Co. pursuant to a license from TDI. Under that licensing agreement TDI is to receive income exceeding $200,000 per year.
No building permit was requested prior to the construction of this structure. Prior to the construction of this sign, the New York City Buildings Department circulated a memorandum stating that the Buildings Department had no jurisdiction over signs on Conrail property. After the billboard had been erected, the Buildings Department reversed its position. Notices of violation were issued on March 28, 1983.
The notice of violation informed the defendant that the billboard violated the following local ordinances: New York City Administrative Code § C26-716.1 — erecting and maintaining an illuminated sign without first obtaining a permit from the Buildings Department; New York City Zoning Resolution § 22-33 — erecting and maintaining an illuminated advertising sign in an R-8 zone.
On April 18, 1983 an inspector for the Buildings Department issued two summonses to Howard A. Marwin, returnable in Criminal Court, charging violation of the above sections. Howard A. Marwin is a principal of the H. A. Marwin, Co., the operator of the billboard. Two summonses for the same offenses were issued to Steven Saltzman. Mr. Saltzman, an attorney, is an employee of Winston Network, Inc., which is the parent company of the corporation that owns the billboard.
ISSUES AND CONCLUSIONS OF LAW
The defendants raise numerous issues in their motion to dismiss these informations. These issues and the applicable law will be discussed individually.
IMPROPER DEFENDANT
Defendant Steven Saltzman moves to dismiss information number 3N936009T and 3N936043T on the grounds that he is an improper defendant in this action. This motion raises two issues: (1) does the court have personal jurisdiction over Mr. Saltzman, (2) does the court have jurisdiction over Winston, Inc., the corporate employer of Mr. Saltzman. The original notice of violation was properly served on the general counsel, it is the *688 subsequent summons to appear in court that was served on Mr. Saltzman. This court finds that Mr. Saltzman is a person of suitable age and discretion who was sufficiently in charge or apparently in charge of the property at the time the summons was served to give this court jurisdiction over the corporate employer. (Administrative Code § 643a-3.0; People v Sakow, 45 NY2d 131.)
Corporation Counsel does not contest the fact that Mr. Saltzman does not have managerial control over his corporate employer. This court finds that it has no personal jurisdiction over Mr. Saltzman. A motion to substitute the corporation for Mr. Saltzman appears appropriate. Until such motion is made and granted the defendant’s motion to dismiss is denied.
LACK OF JURISDICTION
The defendants move to dismiss on the grounds that the Buildings Department lacks jurisdiction over this structure. They raise three separate arguments to show lack of jurisdiction. First, under the New York City Charter, the defendants argue that the Department has no jurisdiction over such “railroad structures.” Secondly, the structure is on Conrail property. Conrail being an instrumentality of the Federal Government is immune from local regulation and beyond the jurisdiction of the Buildings Department. Finally the defendant argues that the issue is preempted by the Federal Highway Beautification Act (23 USC §§ 131, 136, 319), The court will consider each of these issues in turn.
CITY CHARTER
New York City Charter § 643 sets out the functions of the Buildings Department to be, in relevant part, as follows: “The department shall enforce, with respect to buildings and structures, such provisions of the building code, zoning resolution * * * provided, however, that the jurisdiction of the department * * * shall not extend to * * * such other structures used in conjunction with or in furtherance of waterfront commerce or navigation, or to bridges, tunnels or subways or structures appurtenant thereto.”
Both parties to this action have spent considerable energy debating on whether or not Conrail falls within the definition of a subway. It is this court’s opinion that the Buildings Department has jurisdiction over any structure that is not “used in conjunction with or in furtherance of” or “appurtenant” to any of the exempted class of systems. The plain language of the Charter clearly excepts only those structures which have functional *689 relationship to subways, tunnels, bridges, etc. (Catterall v Pulis, 137 Okla 86, 278 P 292.) The defendants cannot seriously argue to this court that a billboard serves any functional relationship to a railroad.
This court finds, whether or not Conrail falls within the definition of a subway, that the New York City Charter does give the Buildings Department jurisdiction over the billboard at issue in this proceeding.
SUPREMACY CLAUSE
The defendants’ argument under the supremacy clause of the US Constitution (US Const, art VI, cl 2) is ingenious if convoluted. Their argument is structured as follows: Conrail was established by an Act of Congress (45 USC § 741 [a]). The Act provides that Conrail was to be subject to certain Federal regulations and, “to the extent not inconsistent with such Acts, shall be subject to applicable State law.” (45 USC § 741 [b].) Under the Act, Conrail is authorized to maintain adequate and efficient rail services and it was the intent of Congress, an economically viable rail system be operated to keep Federal financial assistance as low as possible.
Defendants argue that the money Conrail receives from leasing property for the billboard in question helps defray the cost of operating the railroad. The defendants further argue that any order of the Buildings Department which would interfere with Conrail’s receipt of income from this billboard would violate the underlying congressional intent for establishing Conrail in the first place. Defendants finally argue that the Department’s interference in the defendants’ relationship with Conrail violates the supremacy clause of the US Constitution.
This court does not believe that Conrail is so dependent on billboard income that its operation will be injured in any way by the order of the Buildings Department. This court finds that the order of the Buildings Department which effectively ordered the removal of the billboard does not violate the supremacy clause of the US Constitution.
HIGHWAY BEAUTIFICATION ACT
The Federal Highway Beautification Act (23 USC § 131 [g]) provides in applicable part that: “Just compensation shall be paid upon the removal of any outdoor advertising sign * * * lawfully erected under State law and not permitted under subsection (c) of this section [limiting outdoor advertising signs within 660 feet of Federal interstate and primary highways], whether or not removed pursuant to or because of this section.”
*690 The defendant concedes that the billboard is immediately adjacent to the Henry Hudson Parkway, a Federal primary highway, and therefore not permitted under 23 USC § 131 (c). The defendant further concedes that no building permit was ever applied for. The defendant argues that no compensation having been offered any order by the New York City Buildings Department is preempted by the Highway Beautification Act. The defendant is claiming that the sign is protected by one section of the Highway Beautification Act while admitting that it violates another section of the Act.
This court sees no such internal conflict within the Highway Beautification Act. The Act by its terms gives compensation only for “lawfully erected” signs. This sign was not a preexisting sign at the time the Highway Beautification Act came into effect. No building permit was applied for or received prior to construction of this sign. The sign being within 660 feet of a Federal primary highway violates the explicit terms of the Highway Beautification Act. Federal aid highway funds to the State are made dependent on their enforcement of the Highway Beautification Act (23 USC § 131 [b]). In light of the above, this court finds that the billboard in question was not lawfully erected and therefore no compensation need be tendered when its removal is ordered.
RELIANCE ON POLICY STATEMENT
Defendants move for a dismissal on the grounds that the Buildings Department had circulated a written policy stating that it had no jurisdiction over billboards built on Conrail property. Defendants claim to have relied on this policy statement and that such reliance vitiates their criminal responsibility.
Defendants point to Penal Law § 15.20 (2) which states in relevant part: “A person is not relieved of criminal liability for conduct because he engages in such conduct under a mistaken belief that it does not, as a matter of law, constitute an offense, unless such mistaken belief is founded upon an official statement of law contained in * * * (d) an interpretation of the statute or law relating to the offense, officially made or issued by a public servant, agency or body legally charged or empowered with the responsibility or privilege of administering, enforcing or interpreting such statute or law.”
The defendants’ reliance argument fails on two grounds.
The statement which the defendants claim to rely on is not a statement which would excuse criminal liability under Penal *691 Law § 15.20 (2). The policy statement by the Buildings Department did not say that it was legal to build a billboard within 660 feet of a Federal primary highway if it is placed on Conrail property. The policy statement merely said that, at that time, the Buildings Department felt that such structures were outside its enforcement jurisdiction. The fact that an agency feels that an act may be beyond its jurisdiction to prevent does not make the act legal.
Moreover, even if the defendants had applied for a building permit, which they did not, and even if such a building permit had been issued the defendants would have no right to rely on that permit. It is long-settled law in this State that if a Buildings Department issues a building permit improperly whether based on an error of law or of fact, such a permit will not protect the holder from liability. (Marcus v Mamaroneck, 283 NY 325; 154 E. Park Ave. Corp. v City of Long Beach, 76 Misc 2d 445, mod on other grounds 49 AD2d 949.)
In the case before us, the defendants never applied for nor received a building permit. They are therefore in a weaker position than a party who expends money on a construction project based on an improperly issued permit. If an improper permit will not protect a party in this State then surely mere reliance on a policy statement with no building permit will not shield these defendants.
The defendants’ motion to dismiss based on their reliance on the departmental policy statement is denied.
INTEREST OF JUSTICE
Defendants move for a dismissal in the interest of justice. Defendants fail to show sufficient compelling circumstances to require this court to grant such extraordinary relief. The fact that the defendants invested considerable sums of money to construct this billboard is not a compelling circumstance. Capital investments in our economic system involve risks. The State is not an insurer of capital projects. It is the investor’s obligation to see that his venture complies with governmental regulations.
After reviewing all of the arguments and papers submitted in this case, the court denies the defendants’ motion to dismiss in total for the reasons stated above.